J-S70033-14

2014 PA Super 256

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
PETER ALLEN TREADWAY :
:
Appellant : No. 1217 EDA 2014

Appeal from the Judgment of Sentence Entered March 7, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-CR-0001794-2010

BEFORE:    LAZARUS, MUNDY, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:        **FILED NOVEMBER 13, 2014**

Peter Allen Treadway (Appellant) appeals from his aggregate judgment of sentence of 100 to 200 years of imprisonment for his convictions for 45 counts of various sex crimes.  We affirm.

A prior panel of this Court offered the following succinct summary of the facts of this case.

> [Appellant] sexually abused his stepdaughter.  This depravity continued for years.  The victim testified that the abuse began when she was nine or ten years old and that [Appellant] first had sexual intercourse with her when she turned eleven.  By the time the victim was thirteen or fourteen years old, [Appellant] had sex with her "every day or multiple times a day."  Eventually the victim became pregnant.  The victim, with [Appellant's] assistance, obtained an abortion in a hospital.
>
> After a four-day trial, the jury convicted [Appellant] of a multitude of sexual offenses and counts.  The trial court sentenced [Appellant] to an aggregate term of imprisonment of 100 to 200 years.

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Treadway***, 64 A.3d 278 (Pa. Super. 2013) (unpublished memorandum at 2) (citation to trial transcript omitted).

On direct appeal, this Court affirmed Appellant's convictions, but determined that his sentence was illegal. Appellant was sentenced under 42 Pa.C.S. § 9718.2,[1] "a statute that was implemented well after the convicted criminal conduct and which increased the punishment imposed by the law in effect at the time the crime was committed." ***Id.*** at 5. Furthermore, Appellant was sentenced based on the age of the victim at the time of the acts, although the jury made no factual determination about when the acts occurred, in violation of ***Apprendi v. New Jersey***, 530 U.S. 466, 490 (2000). ***Id.*** at 7. Therefore, this Court vacated Appellant's judgment of sentence and remanded for resentencing. However, this Court expressly noted that "[n]othing in this memorandum is to be construed as precluding the trial court on re-sentencing from exercising its discretion to impose a sentence up to the statutory maximum provided for each offense—and running those sentences consecutively." ***Id.*** at 8 n.4.

After remand, the trial court did just that, again imposing an aggregate sentence of 100 to 200 years of imprisonment by sentencing Appellant to, by and large, consecutive statutory maximum sentences. The

---

[1] Section 9718.2 provides enhanced penalties and mandatory minimum sentences for sexual offenders who have one or more prior convictions for sex crimes.

trial court subsequently denied Appellant's post-sentence motion, and Appellant timely filed a notice of appeal.

Appellant presents one question to this Court: "Did the trial court abuse its discretion in imposing an aggregate sentence of 100-200 years of imprisonment which was excessively harsh and violated fundamental norms of sentencing under the facts and circumstances of the case?" Appellant's Brief at 5.

Appellant's question challenges the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262-63 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)).

Appellant's brief contains a statement of the reasons upon which he relies for allowance of appeal as to the discretionary aspects of his sentence.

Therein, Appellant claims that the imposition of consecutive statutory maximum sentences, all but guaranteeing that Appellant will spend the rest of his life in jail, raises his aggregate sentence to an excessive level. Appellant's Brief at 14.

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (internal quotation omitted) (quoting *Commonwealth v. Pass*, 914 A.2d 442, 446–47 (Pa. Super. 2006)). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010).

The trial court summarized Appellant's criminal conduct as follows:

> At trial the victim testified that Appellant began molesting her when she was only nine or ten years old, that Appellant had vaginal intercourse with her by the age of eleven, and that by the time she was thirteen or fourteen Appellant was forcing her to have sex with him "everyday or multiple times a day." She testified that Appellant had sex with her vaginally, orally, and anally. She testified that Appellant had sex with her in the kitchen, the bathroom, the living room, the hallways and the bedrooms of the home that the victim shared with Appellant and from which she had no real escape. She testified that Appellant purchased costumes for her to wear prior to intercourse,

installed a stripper pole in her bedroom, made her wear handcuffs during intercourse, and sometimes tied her to the bed. When she was approximately thirteen, Appellant actually "branded" the victim by repeatedly burning her lower back with a heated paperclip that Appellant had formed into the shape of a heart. The victim also testified that Appellant never wore a condom during intercourse because it "didn't feel as good" to him. In 2008, when she was fifteen, Appellant impregnated the victim[8] and then accompanied her to the hospital where she underwent an abortion. Appellant signed the paperwork consenting to the abortion as the victim's "Dad." Appellant's sexual reign of terror continued unabated until December of 2009, when the victim was seventeen years old [and had begun dating a teenage boy]. She moved out of Appellant's home two [months] later[, having revealed Appellant's abuse to her boyfriend, to live in the home of her boyfriend and his parents. The police became involved shortly thereafter].

_____
[8] DNA testing on the fetal tissue revealed that there was a 99.9999 [percent] probability that Appellant was the father of the fetus.

Trial Court Opinion, 6/4/2014, at 3-4 (citations to trial transcript omitted). The trial court further noted that this was not Appellant's first offense; he was previously convicted of involuntary deviate sexual intercourse with a 12-year-old victim. *Id.* at 4.

When considered in a vacuum, a sentence of 100 to 200 years might seem extreme. However, viewed in the context of Appellant's conduct, we cannot conclude that the sentence was manifestly excessive. *Compare Prisk*, 13 A.3d at 533 (holding sentence of 633 to 1,500 years of imprisonment was not excessive given Prisk's "systematic sexual abuse of his stepdaughter, which occurred on an almost daily basis over the course of six years") *with Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa.

Super. 2013) (holding Dodge raised a substantial question that aggregate sentence of approximately 40 to 80 years of imprisonment was excessive where only low-value property crimes were involved). Accordingly, we hold that Appellant does not raise a substantial question that the trial court abused its discretion in imposing an aggregate sentence of 100 to 200 years of imprisonment given the gravity of the offenses, the impact on the victim, Appellant's failure to be rehabilitated after his first conviction for sexually abusing a minor, and the need to protect the public from Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/13/2014