J-S02009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM COATES | |
| Appellant | No. 2909 EDA 2013 |

Appeal from the Judgment of Sentence September 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012799-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM COATES | |
| Appellant | No. 2910 EDA 2013 |

Appeal from the Judgment of Sentence September 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009004-2010

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                **FILED FEBRUARY 26, 2015**

Appellant, Adam Coates, appeals from the September 13, 2013 aggregate judgment of sentence of seven and one-half to 15 years' imprisonment imposed following his convictions for two counts of criminal

trespass and one count of possession of an instrument of crime.[1] After careful review, we affirm.

The certified record reveals the following factual and procedural history of this case. On September 21, 2009, Joyanna Brady left her Philadelphia home at 7:00 a.m. N.T., 8/27/13, at 33. When she left, the doors were locked, the windows were shut, and the lights inside her home were turned off. *Id.* 33-34. She returned at 7:00 p.m. that evening with her two young children and immediately noticed a light was on in her home. *Id.* at 33. When she looked around her home, she discovered a bike that was hanging in her back room was missing, the lock on her window was broken, and her backdoor, which was locked with both a deadbolt and a lock on the doorknob when she left her home that morning, was unlocked. *Id.* at 35-36. Brady called the police, and Officer Luis Cordero responded to the call. *Id.* at 35, 46. Officer Cordero conducted an investigation of the property and observed that Brady's window was "broken and pushed in." *Id.* at 47. Officer Cordero then began dusting the area around the window and lifting fingerprints. *Id.* at 47-48. The fingerprints Officer Cordero lifted were sent to the Latent Print Unit of the Philadelphia Police Department and determined to be a match with Appellant's fingerprints. *Id.* at 58, 76.

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii) and 3921(a), respectively.

At approximately 11:30 p.m. on September 21, 2009, Horace Eggleston was in bed when police officers began knocking on his door. N.T., 4/30/2013, at 19. The police officers informed Eggleston that a neighbor had reported seeing someone enter Eggleston's house. *Id.* At the time, Eggleston lived alone. *Id.* at 16. Police officers discovered Appellant in a closet in Eggleston's basement. *Id.* at 23-24; 46; 73. Police then recovered pliers from Appellant's pocket. *Id.* at 46; 75. Prior to entering the residence, police observed a bike leaning against the chain link fence surrounding Eggleston's property and observed that two screens from Eggleston's porch were cut. *Id.* at 42.

On July 22, 2010, the Commonwealth charged Appellant with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and criminal mischief, at docket number CP-51-CR-0009004-2010, in connection with the events that occurred at the Brady residence on September 21, 2009.[2] Criminal Information, 7/22/10. Appellant proceeded to a four-day jury trial, commencing on August 27, 2013. At the conclusion of the trial, the jury found Appellant guilty of criminal trespass. N.T., 8/30/13, at 8. The jury was deadlocked on the charges of burglary and theft, and the trial

_____

[2] 18 Pa.C.S.A. §§ 3502(a), 3503(a)(1)(ii), 3921(a), 3925(a), 3304(a)(2), respectively.

court granted a mistrial on those charges. *Id.* at 11. The remaining charges were *nolle prossed*.

On October 15, 2009, the Commonwealth charged Appellant with burglary, criminal trespass, possession of an instrument of crime, and criminal mischief, at docket number CP-51-CR-0012799-2009, for the events that occurred at Eggleston's residence on September 21, 2009.[3] Criminal Information, 10/15/09. On April 30, 2013, Appellant proceeded to a three-day jury trial. At the conclusion of the trial, the jury found Appellant guilty of criminal trespass and possession of an instrument of crime. N.T., 5/2/13, at 9. The jury acquitted Appellant of burglary. *Id.* at 8. The charge of criminal mischief was *nolle prossed*.

On September 13, 2013, the trial court sentenced Appellant at both docket numbers to an aggregate judgment of sentence of seven and one-half to 15 years' imprisonment. Specifically, the trial court sentenced Appellant to 30 to 60 months' imprisonment for his conviction for criminal trespass on docket number CP-51-CR-0009004-2010. N.T., 9/13/13, at 10. Additionally, the trial court sentenced Appellant to consecutive terms of 30 to 60 months' imprisonment for criminal trespass and 30 to 60 months' imprisonment for possession of an instrument of crime for his convictions on docket number CP-51-CR-0012799-2009. *Id.* The sentence imposed on

_____

[3] 18 Pa.C.S.A. §§ 3502(a), 3503(a)(1)(ii), 907(a), and 3304(a)(4), respectively.

docket number CP-51-CR-0009004-2010 is consecutive to the sentence imposed on docket number CP-51-CR-0012799-2009. *Id.*

On September 23, 2013, Appellant filed a motion for reconsideration of the sentences imposed on both docket numbers. Motion for Extraordinary Relief and/or Reconsideration of Sentence, 9/23/13, at 1-3. The trial court denied Appellant's motion on September 30, 2013. Trial Court Order, 9/30/2013. On October 17, 2013, Appellant filed separate, timely notices of appeal from the sentences imposed on docket numbers CP-51-CR-0012799-2009 and CP-51-CR-0009004-2010. On November 1, 2013, Appellant filed an application to consolidate the two appeals, which this Court granted on November 25, 2013. Appellant's Application to Consolidate Appeals, 11/1/13; *Per Curiam* Order, 11/1/13. The trial court ordered Appellant to file a concise statement of errors complained of on appeal, within 21 days, for both cases pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) on March 13, 2014. Trial Court Order, 3/13/14. On April 8, 2014, Appellant filed a petition to file a statement of matters complained of on appeal *nunc pro tunc* in each case. Appellant's Petition to File Statement of Errors *Nunc Pro Tunc*, 4/8/14, at 1-2. The trial court granted Appellant's petition, and Appellant filed his identical 1925(b) statements for each case on April 8, 2014. Trial Court Order, 4/8/14; Rule 1925(b) Statement, 4/8/14. Thereafter, on May 28, 2014, the trial court filed its identical Rule 1925(a)

opinions addressing the errors complained of on appeal filed by Appellant in each case. Rule 1925(a) Opinion, 5/28/14, 1-14.

On appeal, Appellant raises the following issues for our review.

> 1. Did not the sentencing court violate the requirements of 42 Pa.C.S.[A.] § 9721(b) of the Sentencing Code which states that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant, as the lower court seemed to exclusively focus on [A]ppellant's criminal conduct rather than his rehabilitative needs, mitigating circumstances or mental health status?
>
> 2. Was not the lower court's sentence violative of the precepts of the Pennsylvania Sentencing Code, and contrary to the fundamental norms underlying the sentencing process, and therefore was it not manifestly unreasonable, excessive, and an abuse of discretion?

Appellant's Brief at 4.

Both of Appellant's claims challenge the discretionary aspects of his sentence. We adhere to the following standard of review over such claims.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, --- A.3d ---, 2015 WL 252446, at *14 (Pa. Super. 2015), *quoting* *Commonwealth v. Hoch*, 936 A.2d 515, 517-518 (Pa. Super. 2007). However, an appellant is not entitled to review of issues challenging discretionary aspects of a sentence as a matter of right. *Commonwealth v. Tejada*, --- A.3d ---, 2015 WL 62931, at *8 (Pa. Super. 2015). In order to invoke this Court's jurisdiction, we need to assess whether Appellant has satisfied the following requirements.

> (1) [T]he appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Id.* (citation omitted).

Instantly, Appellant has preserved his issue by filing a post-sentence motion, a timely appeal, and including a concise statement for reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief. Therefore, we next determine whether Appellant has raised a substantial question for our review.

> The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norm the sentence violates, and the manner in which it violates that norm." *Commonwealth v. Zirkle*, --- A.3d ---, 2014 WL 7212598, at *4 (Pa. Super. 2014) (citation omitted).

In his Rule 2119(f) statement, Appellant claims the sentence imposed "violates many norms of the Sentencing Code, is unreasonable and excessive." Appellant's Brief at 10. Appellant asserts the trial court did not provide "adequate and appropriate reasons for imposing a sentence greatly in excess of the guidelines ...[.]"[4] *Id.* at 11. Appellant further avers the trial court did not individualize Appellant's sentence or fashion a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.* at 12. We conclude Appellant has failed to raise a substantial question.

---

[4] Appellant provides no analysis or argument in support of his contention that his sentence exceeded the guidelines. *See generally* Appellant's Brief at 1-24. The trial court's sentences were within the standard guideline range, and the trial court discussed each sentence at the sentencing hearing and their imposition in the trial court opinion. N.T., 9/13/13, at 5; Trial Court Opinion, 5/28/14, at 6-12.

The essence of Appellant's arguments is that the trial court failed to weigh Appellant's rehabilitative needs in favor of a shorter term of imprisonment, and the trial court's sentence was excessive because it imposed consecutive, rather than concurrent, sentences. *See id.* at 12, 15, 20. Specifically, Appellant claims the trial court "seems to exclusively focus on the seriousness of the underlying crimes rather than taking into consideration [A]ppellant's history of substance abuse and mental health problems." *Id.* at 18. However, this Court has held "a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Zirkle*, *supra* at *5 (citation omitted). Further, "an allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).[5]

_____

[5] Alternatively, we note Appellant would not be entitled to relief on his claim the trial court did not properly consider his rehabilitative needs. We observe that the trial court ordered a presentence report on Appellant in this case. Our Supreme Court has stated, "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding [appellant's] character and weighed those considerations along with mitigating statutory factors." *Gonzalez*, *supra* at *15 (Pa. Super. 2015), *citing Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Additionally, the trial court explained its rationale at the time of sentencing Appellant and in its trial court opinion. N.T., 9/13/13, at 8-12; Trial Court Opinion, 5/28/14, at 6-12. We also note that the fact that the crimes occurred the same evening does not afford Appellant leniency in sentencing. *See Zirkle*, *supra* (observing that the fact that appellant

*(Footnote Continued Next Page)*

Moreover, it is within the trial court's discretion to impose a consecutive rather than a concurrent sentence. *Zirkle*, *supra* (citations omitted). Significantly, "[a] challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." *Id.* Nevertheless, "we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question." *Id.* (citation omitted). The focus in such determinations is "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." *Id.* (citation omitted).

In the instant case, the criminal conduct included two counts of criminal trespass into the homes of strangers and one count of possession of an instrument of crime. Notably, one of the instances of criminal trespass occurred late in the evening while the homeowner was in bed. Under the circumstances surrounding the criminal conduct in this case, we cannot conclude the imposition of consecutive sentences is so manifestly excessive, on its face, as to raise a substantial question. *See id.*

_(Footnote Continued)_ ────────────

committed the crimes subjecting him to the challenged sentence in one spree did not entitle him to a "volume discount" at sentencing). Therefore, we would conclude the trial court did not abuse its discretion in fashioning Appellant's sentence. *See Gonzalez*, *supra*.

Accordingly, we conclude Appellant has not raised a substantial question as to the discretionary aspects of his sentence, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2015