J-A05028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN FONT, | |
| Appellant | No. 1544 EDA 2014 |

Appeal from the Judgment of Sentence entered April 22, 2014,
in the Court of Common Pleas of Monroe County,
Criminal Division, at No(s): CP-45-CR-0002553-2013

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED MARCH 09, 2015**

Christian Font ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count of receiving stolen property.[1]  We affirm.

Appellant stole a cell phone from an employee of the Game Stop store at the Stroud Mall in Stroud Township, Pennsylvania, after the employee placed the telephone down to charge it.  Affidavit of Probable Cause, 8/12/13.  Appellant then sold the cell phone for $126.94 at another Game Stop store located at the Bartonsville Plaza in Stroud Township.  *Id*. Appellant was arrested and charged with one count of receiving stolen property.

---

[1] 18 Pa.C.S.A. § 3925.

On February 6, 2014, Appellant entered a guilty plea, and following a hearing on April 22, 2014, the trial court sentenced him to five (5) to twenty-three (23) months of imprisonment in the Monroe County Correctional Facility. No post-sentence motions were filed. Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents six issues for our review:

1. Whether the [trial court's] denial of the Appellants continuance motion to substitute private counsel for the appointed public defender constituted a violation of the Appellant's right to counsel and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution?

2. Whether the [trial court] abused its discretion in denying the Appellant's continuance motion to substitute private counsel for the appointed public defender?

3. Whether the [trial court] erred in failing to consider the many factors which are required for the [trial court] to weigh before ruling on the Appellant's motion for a continuance to permit the substitution of counsel?

4. Whether there existed an irreconcilable conflict, disagreement or difference of opinion between [Appellant] and his Public Defender as to the conduct of the trial defense and sentencing?

5. Did the [trial court] err in increasing Appellant's sentence of incarceration by placing him into the aggravated range under the sentencing guidelines?

6. Considering the sentencing code as a whole, was the [trial court's] deviation from the sentencing guidelines unreasonable and excessive?

Appellant's Brief at 4-5.

Appellant's first four issues pertain to the trial court's denial of his request for a continuance to obtain new counsel. Appellant's Brief at 11-17. Because Appellant's first four issues are interrelated, we will address them together.

Appellant asserts that the trial court erred in denying his request for a continuance at the commencement of the sentencing hearing to permit the Monroe County Public Defender's office to withdraw its appearance, and for Appellant to obtain private counsel. Appellant's Brief at 11-22.

We initially recognize that we will reverse a trial court's denial of a motion for a continuance only upon a showing of abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather is a manifestly unreasonable judgment, a result of prejudice, bias or ill-will, or a misapplication of law. **Commonwealth v. Thomas**, 879 A.2d 246, 261 (Pa. Super. 2005) (citations omitted). Our courts have made clear that "[t]he right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution ... [T]hese constitutional rights entitle an accused to choose at his own cost and expense any lawyer he may desire. [H]owever ... the constitutional right to counsel of one's choice is not absolute. It must be exercised at a reasonable time and in a reasonable manner."

J-A05028-15

***Commonwealth v. Antidormi***, 84 A.3d 736, 746, n.8. (Pa. Super. 2014)

(citations and internal quotations omitted).

> The right of a defendant to choose his own counsel must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice. A defendant clearly cannot be permitted to utilize his right to choose his own counsel so as unreasonably to clog the machinery of justice and hamper and delay the state in its efforts to do justice with regard both to him and to others whose rights to a speedy trial may thereby be affected.

***Thomas***, 879 A.2d at 261 (citations and internal quotations omitted).

"[T]he right to counsel does not include the right to counsel of one's choice."

***Commonwealth v. Philistin***, 53 A.3d 1, 16 (Pa. 2012).

> Here, the trial court explained:

> [Appellant's] sentencing was scheduled for Tuesday, April 22, 2014. At the start of [Appellant's] sentencing, the following exchange took place between [Appellant's] current, private counsel, Attorney Andrew Katsock and the [trial court]:

> > Mr. Katsock: Your Honor, [Appellant] is represented by the Public Defender's Office. He contacted me this weekend about possibly representing him as private counsel. He told me he had this sentencing today, obviously I haven't seen his file, I haven't seen the PSI, he does want to exercise his right to private counsel, so I would respectfully request a continuance of sentencing.

> > Trial Court: No, he's got the right to private counsel, but he doesn't have the right to interrupt Court proceedings by obtaining counsel at the eleventh hour, no. We're going to go forward with sentencing today.

- 4 -

> Mr. Katsock: That's fine, Your Honor, then I guess the public defender will still continue to handle this matter.

> The [trial] court did not deny [Appellant] the right to hire counsel of his choice, but rather only denied [Appellant's] request to continue sentencing, an oral request which was made at the time of sentencing. Sentencing in this case occurred on April 22, 2014, a date which was set by Order dated February 6, 2014. [Appellant] was apprised of the April 22, 2014 sentencing hearing at the time of his guilty plea on February 6, 2014. Thus, [Appellant] had more than two and one half months in which to retain private counsel of his choice. No reason was presented by [Appellant] as to why he did not or was unable to retain counsel prior to April 22, 2014. The [trial] court's denial of his request for a continuance of the April 22, 2014 sentencing so that he could have more time to retain private counsel was not an abuse of discretion, nor did it deprive [Appellant] to counsel of his choice. Rather, it was [Appellant's] failure to timely retain counsel of his choosing that resulted in Attorney Katsock not representing him at the time of sentencing.

> To the extent that [Appellant] argues that [the trial court's] denial of [Appellant's] request for a continuance of sentencing constitutes an order denying Attorney Katsock from representing Appellant, [the trial court disagrees]. Attorney Katsock specifically stated that [Appellant] contacted him during the weekend of April 18, 2014 about *possibly* representing him. Attorney Katsock made no affirmative statement that he was in fact actually representing [Appellant]. ... Attorney Katsock certainly did not file an Entry of Appearance with the Clerk of Courts, which is confirmed by a review of the [trial court's] docket.

Trial Court Opinion, 7/18/14, at 5-6.

We find no abuse of discretion by the trial court. Our review of the record confirms that although Appellant had over two months between the entry of his February 6, 2014 guilty plea and the pre-scheduled April 22, 2014 sentencing hearing to secure private counsel, Appellant did not

- 5 -

attempt to do so until the weekend before the April 22, 2014 sentencing hearing. Moreover, Attorney Katsock was equivocal about whether Appellant intended to retain him, stating at the sentencing hearing that Appellant had contacted him about "**possibly** representing him as private counsel." N.T., 4/22/14, at 2 (emphasis added). Also, when the trial court denied Attorney Katsock's request for a continuance, stating that Appellant did not "have the right to interrupt Court proceedings by obtaining counsel at the eleventh hour", Attorney Katsock did not object, and instead stated, "That's fine, Your Honor, then I guess the public defender will still continue to handle this matter." *Id*. In sum, Appellant had ample time to retain private counsel and did not do so. The trial court, in considering the request for a continuance and denying it, properly weighed Appellant's right to counsel of his choice against the interest of the efficient administration of justice.

Our review of the record further reflects that Appellant had caused a previous delay in this case. On December 4, 2013, the trial court scheduled Appellant's guilty plea hearing for January 29, 2014. Trial Court Order, 12/4/13. However, on the date of the scheduled guilty plea hearing, Appellant failed to appear, and the trial court was compelled to issue a bench warrant for Appellant's arrest to secure his presence in court. Trial Court Order, 1/29/14, at 1.

Our review of the record also reveals that Attorney Katsock never entered his appearance prior to the April 22, 2014 sentencing hearing, and

the only "Praecipe to Enter Appearance" of record was that filed by the office of the public defender on November 1, 2013.

Appellant nonetheless asserts that after the trial court denied his request for a continuance, and commenced the sentencing proceedings, the trial court was made aware of a conflict between Appellant and his public defender, affirming at that juncture that Appellant should have been represented by private counsel. Specifically, in the course of the sentencing hearing, the following exchange occurred:

Public Defender: [Appellant] indicated that he still is actively participating in a methadone clinic ... [and the trial court] indicated to him that you wanted to see him wean himself off the methadone...

\*\*\*

Trial Court: My experience sitting on this side of the bench, with drugs being such a huge part of the criminal culture, is I see 90 percent of cases where there's abuse of the methadone...

Public Defender: No, I understand Judge, and I agree with you in that respect to some degree. I do believe that it's a continuing issue and I don't know if he'll ever, he's obviously never getting off the methadone most likely, I don't understand how that's a substitute. I also don't understand how that's beneficial to him.

\*\*\*

I explained everything to [Appellant]. ***I'm not asking for a standard range sentence, I think an aggravated range sentence based upon the factors listed is appropriate. I explained that to [Appellant], he disagrees with me somewhat***, but when you test positive for marijuana and you admit to taking morphine pills

- 7 -

> you did yourself no favors when you come before the bench.

N.T., 4/22/14, at 3-5 (emphasis added).

Appellant maintains that the public defender argued against his wishes, and that when the public defender made the trial court aware of a conflict between himself and Appellant with regard to the recommended sentence, the trial court should have conducted an inquiry to determine the nature of the conflict, or allowed private counsel to represent Appellant. Again, upon review of the record, we are unpersuaded by Appellant's argument.

Although Appellant asserts that the public defender should have advocated for a lesser sentence, and that the conflict prevented the public defender from representing Appellant's interests, the record reflects that the public defender was candid in advancing Appellant's position to the trial court, and informed the court of Appellant's desire for a lesser sentence. Therefore, the trial court was apprised of Appellant's position and fully informed by counsel of Appellant's wishes prior to imposing Appellant's sentence.[2]

Moreover, at the sentencing hearing, the public defender advocated strenuously on Appellant's behalf when the trial court indicated that it was

_____

[2] The guidelines recommended a sentence of restorative sanctions to two (2) months of imprisonment in the standard range, and five (5) months of imprisonment in the aggravated range.

considering a sentence of State Intermediate Punishment that would result in five (5) to seven (7) months of imprisonment at a state correctional institution. N.T., 4/22/14, at 11. The public defender asserted that a five (5) month sentence in the Monroe County Correctional Facility would be more appropriate under the circumstances. *Id*. Furthermore, the public defender explained that the reason he was seeking an aggravated range sentence was because Appellant tested positive for controlled substances after he pled guilty, and while the pre-sentence investigation report was being prepared, and that a request for a standard range sentence was incompatible with those facts. *Id*. at 3. Because of Appellant's recent positive drug test for marijuana, and because Appellant "admitted to taking morphine pills", the public defender explained that an aggravated sentence of five (5) months imprisonment in a county facility would be appropriate. *Id*. at 3-5.[3]

In concluding his remarks, the public defender stated, "[Appellant] understands he's in the wrong here and he accepts his responsibility.

---

[3] Appellant's appellate counsel argues that Appellant failed his drug test because he was participating in methadone therapy to rehabilitate himself, resulting in a positive drug test. Appellant's Brief at 19. Appellate counsel argues that the public defender and trial court improperly relied on Appellant's use of methadone therapy for imposition of an aggravated range sentence. However, the sentencing transcript reflects that Appellant tested positive for marijuana and admitted to taking morphine pills, and this Court is bound by the facts contained in the certified record. *See* N.T., 4/22/14, at 5.

[Appellant], is there anything that you'd like to say in addition to that?" *Id*. at 6. Appellant responded simply, "No." *Id*.

Again, upon careful review, we find no merit to Appellant's argument that the trial court improperly "ignored" an "irreconcilable conflict" between Appellant and his counsel. Appellant's Brief at 13, 15. Rather, we conclude that the trial court (which also had the benefit of a pre-sentence investigation report and had reviewed the sentencing guidelines) was fully informed by trial counsel of Appellant's position. The trial court's denial of Appellant's motion for a continuance was not unreasonable given all of the circumstances surrounding the request, and we find no abuse of discretion by the trial court relative to Appellant's first four issues.

In his final two issues, Appellant challenges the discretionary aspects of his sentence. This Court has explained that "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citations omitted).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

Our review of the record reveals that Appellant failed to raise his discretionary sentencing claims at his sentencing hearing or in a post-sentence motion. Because such challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal, and Appellant has failed to appropriately preserve his discretionary claims, they are waived.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015