**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KIMBERLY EIDEN, | |
| Appellant | No. 1241-1242 MDA 2014 |

Appeal from the Judgment of Sentence June 13, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001393-2013,
CP-35-CR-0001397-2013

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 04, 2015**

Kimberly Eiden appeals the discretionary aspects of the sentence that was imposed by the trial court after Appellant entered a *nolo contendere* plea at two criminal action numbers.  We affirm.

At 1393-2013, Appellant was charged with rape, statutory sexual assault, involuntary deviate sexual intercourse of a person less than sixteen years old, aggravated indecent assault of a victim less than sixteen years old, indecent assault of a victim less than sixteen years old, unlawful contact with a minor, sexual assault, indecent exposure, and corruption of a minor. These charges arose from Appellant's interactions with a then thirteen-year-old male from May 23, 2012, to October 6, 2012, when the victim, C.S., who lived in Tennessee, was visiting his grandmother in Pennsylvania.

During two visits the young man made to Pennsylvania in 2012, Appellant engaged in a course of conduct that culminated in oral sex and sexual intercourse. Appellant gave alcohol and tobacco numerous times to the minor. After initiating sexual contact by kissing C.S., Appellant progressed to performing oral sex on him. The victim reported that this activity occurred on two occasions. Appellant then had sexual intercourse with C.S. four times. After C.S. returned to Tennessee, Appellant sent him graphic nude pictures and solicited nude pictures from him. C.S.'s father discovered the pictures, and reported the matter to police. Appellant was interviewed by police and admitted to having sexual intercourse twice with C.S. Appellant was forty years old when she committed these offenses.

At 1397-2013, Appellant was charged with indecent assault of a person less than sixteen years old and unlawful contact with a minor for the purpose of engaging in a prohibited activity. Those charges arose from Appellant's conduct with J.H., who was also a minor. J.H. told police that Appellant hugged him and then grabbed his testicles.

On January 30, 2014, Appellant entered an open plea of *nolo contendere* at both action numbers to aggravated indecent assault, unlawful contact with a minor, and corruption of a minor. The court informed Appellant that she faced an aggregate maximum prison term of thirty-two years. After entry of the plea, Appellant was assessed by the Sexual

Offenders Assessment Board. The matter proceeded to sentencing on June 13, 2014, where the sentencing court heard testimony from the SOAB assessor and adjudicated Appellant a sexually violent predator.

The court then imposed its sentence. The court outlined that it reviewed and weighed the contents of an extensive psychiatric report submitted by Appellant. That report outlined Appellant's history of mental problems and sexual abuse as a child. The sentencing court also articulated that it carefully reviewed the presentence report, an evaluation that the court ordered from the Department of Corrections, victim impact letters and statements, letters submitted on behalf of Appellant, and the SOAB report. N.T. Sentencing, 6/13/14, at 30-31.

The court imposed consecutive sentences in the aggravated range of the guidelines: 78-153 months imprisonment plus 84 months probation for aggravated indecent assault; six to twelve months jail and 48 months probation on the offense of unlawful contact with a minor; and 18 to 36 months incarceration on the corruption charge. The court explained that it imposed an aggravated-range sentence on each crime since there were multiple instances of abuse and a large age gap between Appellant and the adolescent males.

Appellant filed a motion for reconsideration of sentence, and the present appeal after the motion was denied. She complied with the trial

court's directive to file a Pa.R.A.P. 1925(b) statement and complained that the court abused its discretion in imposing an aggregate sentence of 102 to 204 months confinement plus 132 months probation and that it failed to consider her mitigating circumstances at the time of sentencing. On appeal, Appellant presents the following contentions:

> 1. Whether the lower court's imposition of an aggregate sentence of 102 to 204 months of incarceration followed by 132 months of probation after entering a *nolo contendere* plea was manifestly excessive and an abuse of discretion in that it far surpassed what was required to protect the public or the Complainants, and went well beyond what was necessary to foster Appellant's rehabilitative needs.

Appellant's brief at 3.

Appellant's questions, which were properly preserved by the filing of a post-sentence motion and Pa.R.A.P. 1925(b) statement, relate to the discretionary aspects of her sentence.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or

contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa.Super. 2014) (citations omitted).

In this case, Appellant's brief contains the concise statement. In her statement, Appellant maintains that the sentence was manifestly excessive due to the fact that all three sentences were imposed consecutively. Appellant's brief at 9. We observe that:

> Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. The key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

*Treadway*, **supra** at 599 (citations and quotation marks omitted).

We conclude that Appellant has failed to raise a substantial question in this respect. Appellant, then forty years old, twice performed oral sex on a thirteen year old adolescent and also had sexual intercourse with him four times. She provided him with alcohol and tobacco in pursuit of her sexual assaults. Then, when he left for home, she sent him graphic images of her sexual organs and asked for a picture of his genitals. On another occasion, Appellant fondled the genitals of another young man. In light of this criminal conduct, we do not view eight and one-half to seventeen years

imprisonment to be manifestly excessive on its face. The sentences were all within the guidelines, and the trial court was accorded full discretion to impose its sentences consecutively. Accordingly, we reject this position as presenting a substantial question.

In her concise statement, Appellant also suggests that the court imposed an excessive and unreasonable sentence since it "failed to carefully consider all relevant factors as set for in Section 9721(b) of the Sentencing Code," and it "focused on the severity of the crimes and the retribution of the complainants, and did not consider the rehabilitative needs of Appellant at all." Appellant's brief at 9. "This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa.Super. 2014) (citation omitted). Hence, we will review the merits of this averment.

Our standard of review of the court's sentencing decision is highly deferential:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

As noted, Appellant suggests that her sentence is manifestly excessive because the trial court did not consider any mitigating factors, disregarded her rehabilitative needs, and focused only on the seriousness of the crimes. The record belies this position. The court clearly stated that it reviewed and relied upon the presentence report and the psychological evaluation prepared and presented by Appellant. "Where pre-sentence reports exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." **Id**. at 761 (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)).

Hence, we must assume that the trial court weighed all the pertinent sentencing factors, including Appellant's rehabilitative needs and the mitigating factors consisting of her mental problems and past victimization. Additionally, § 9781 of the Sentencing Court provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

Herein, the sentencing court sentenced within the guidelines, outlining why it concluded aggravated range sentences were warranted.[1] There were multiple instances of sexual abuse and a significant age disparity between

_____

[1] We note that Appellant asserts that the guideline ranges were improperly calculated as to one of the crimes involving C.S. Appellant's brief at 15. This position is not preserved as it was not raised in the motion for reconsideration of sentence or in the Pa.R.A.P. 1925(b) statement.

Furthermore, Appellant's argument is confusing. She maintains that the "sentencing court calculated the guidelines for the crime of Unlawful Contact with a Minor, as it pertained to 'C.S.', to be 48 to 66 months, and then imposed an aggravated sentence of 78 months." Appellant's brief at 15. She continues that the calculation was erroneous "as Appellant did not plead *nolo contendere* to any charges under §31 of the Crimes Code." *Id*.

The record establishes unequivocally that Appellant pled guilty to aggravated indecent assault, a violation of § 3125 of the Pennsylvania Crimes Code. The trial court outlined that the sentence of 78 to 156 months was imposed on count four of case number 1393. N.T. Sentencing, 6/13/14, at 33. The record establishes that 13 CR 1393 involved the victim C.S. and that count four was aggravated indecent assault of a person less than sixteen years old. As to J.H., Appellant was charged only with indecent assault and unlawful contact with a minor. To the extent that Appellant raises a challenge to the sufficiency of the factual basis for her *nolo contendere* plea to aggravated indecent assault, that challenge is not preserved for appeal.

Appellant and each victim. We disagree with Appellant's assertion that the court was not permitted to consider the age gap between herself and the minor victims since the offense gravity score took into account this factor. The victims were two or three years younger than the sixteen-year-old threshold for a victim's age in the pertinent crimes. Appellant was forty years old. In conclusion, this case does not involve circumstances where the application of the guidelines would be clearly unreasonable. Hence, as required by § 9781, we must affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/2015