J-S33028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERNARD LEWIS RICHARDSON, III | |
| Appellant | No. 1524 WDA 2015 |

Appeal from the Judgment of Sentence May 19, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001641-2014

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 18, 2016**

Appellant, Bernard Lewis Richardson, III, appeals from the judgment of sentence entered on May 19, 2015, as made final by the denial of his post-sentence motion by operation of law on September 28, 2015.  We affirm.

The factual background of this case is as follows.  In mid-January 2014, Keith Johnson ("Johnson") overheard his paramour, Misty Danko ("Danko"), discussing the fact that the father of two of her children, Ronald Packroni, was selling marijuana.  On the evening of January 13, 2014, Johnson and Danko met in a Uniontown bar to discuss robbing Ronald Packroni.  During this meeting, Appellant arrived at the bar, discussed the planned robbery with Johnson, and then left.  Eventually, Johnson and Danko left the bar and picked up Broderick Harris and Appellant.

_____
* Retired Justice specially assigned to the Superior Court

In an attempt to gain access to Ronald Packroni's residence, Danko called him and offered to have sex with him at his residence. Once the four conspirators arrived at Ronald Packroni's residence during the early morning hours of January 14, Ronald Packroni welcomed Danko into the house. A few minutes later, Danko entered the kitchen and let the other three perpetrators in to the residence. When Ronald Packroni left his bedroom to see what was occurring, he encountered one of the three males carrying a firearm. The intruder ordered Ronald Packroni to lie on the floor with his face down. Ronald Packroni was then ordered into the living room where he observed the other two males beating his brother, Jonathan Packroni, and Jonathan Byers ("Byers"). The three intruders then tied Byers' and the Packronis' wrists and ankles with phone and cable cords. The three intruders continued to kick and beat the Packronis and Byers with their firearms. The intruders also told the Packronis and Byers that they were going to kill them. During this vicious assault, Danko ransacked the residence. The four perpetrators eventually fled in Ronald Packroni's vehicle. Danko received over $11,000.00 in proceeds from the robbery.

The procedural history of this case is as follows. On December 1, 2014, Appellant was charged via criminal information with committing 49 offenses. At the conclusion of a bench trial on May 15, 2015, Appellant was

- 2 -

convicted of three counts of aggravated assault,[1] three counts of false imprisonment,[2] three counts of robbery,[3] two counts of burglary,[4] two counts of criminal trespass,[5] two counts of theft by unlawful taking,[6] unauthorized use of a motor vehicle,[7] three counts of making terroristic threats,[8] and conspiracy to commit robbery.[9]  He was found not guilty of the 29 remaining charges.

On May 19, 2015, the trial court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment.[10]  On May 29, 2015, Appellant filed a

---

[1] 18 Pa.C.S.A. § 2702(a)(4).

[2] 18 Pa.C.S.A. § 2903(a).

[3] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[4] 18 Pa.C.S.A. § 3502(a)(1).

[5] 18 Pa.C.S.A. § 3503(a)(1)(i).

[6] 18 Pa.C.S.A. § 3921(a).

[7] 18 Pa.C.S.A. § 3926(a).

[8] 18 Pa.C.S.A. § 2706(a)(1).

[9] 18 Pa.C.S.A. §§ 903, 3701.

[10] Appellant was sentenced consecutively to five to ten years' imprisonment at each of the three robbery counts and one burglary count.  Appellant was sentenced to no further punishment on the remaining counts.

post-sentence motion. On September 28, 2015, that motion was deemed denied via operation of law.[11] This timely appeal followed.

Appellant presents three issues for our review:[12]

1. Whether the trial court erred in not rejecting [Appellant's] confession as unreliable[.]

2. Whether the trial court erred by denying [Appellant's] request for a new trial on the basis that the court's verdict of guilt as to all counts was against the weight of the evidence specifically as to the element of identity[.]

3. Whether the trial court abused its discretion in denying [Appellant's] motion to modify his sentence on the basis that the same was manifestly unreasonable[.]

---

[11] Pursuant to Pennsylvania Rule of Criminal Procedure 720, the passage of 120 days from the filing of Appellant's post-sentence motion required the clerk of courts to enter an order on the docket denying Appellant's motion via operation of law. Pa.R.Crim.P. 720(B)(3)(c). Such an order should also have been forwarded to counsel for Appellant, including notice of: the right to appeal and the time limits within which an appeal must be filed; the right to counsel to assist with the appeal; the rights, if Appellant is indigent, to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Rule 122; and, the qualified right to bail under Pa.R.Crim.P. 521(B). **See** Pa.R.Crim.P. 720(B)(4). No such order was entered on the docket or forwarded to counsel for Appellant. Nevertheless, counsel for Appellant filed a notice of appeal and a concise statement of errors complained of on appeal on October 1, 2015, within 30 days of the date on which Appellant's post-sentence motion was deemed denied by operation of law. The trial court issued its Rule 1925(a) opinion on October 20, 2015. Because counsel filed the notice of appeal within 30 days of the date on which Appellant's post-sentence motion was deemed denied by operation of law, we may view this appeal as having been taken in a timely manner from a final order.

We remind the trial court and the clerk of courts to track post-sentence motions and enter the appropriate order when required by Rule 720(B)(3)(c).

[12] We re-numbered the issues for ease of disposition.

Appellant's Brief at 8 (complete capitalization omitted).

In his first issue, Appellant argues that the trial court erred in admitting his confession. This argument is waived. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our review of the docket indicates that Appellant failed to file a motion *in limine* or a suppression motion. Furthermore, at trial when the Commonwealth moved the admission of Appellant's confession, Appellant's counsel stated, "No objection, Your Honor." N.T., 5/15/15, at 112. Thus, Appellant failed to object to the admission of the confession. Accordingly, this issue is waived.[13]

In his second issue, Appellant argues that the verdict was against the weight of the evidence. Specifically, Appellant argues that the trial court's finding that he was one of the three men who robbed and assaulted the Packronis and Byers was against the weight of the evidence. A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." *In re J.B.*, 106 A.3d 76, 97 (Pa. 2014) (citation omitted). Appellant properly preserved his weight of the evidence claim by raising the issue in his post-sentence motion.

---

[13] Appellant was required to set forth in his brief the place in the record where the issue was preserved. *See* Pa.R.A.P. 2117(c). Failure to do so may result in waiver of that issue. *See* Pa.R.A.P. 2101.

"[A] new trial based on a weight of the evidence claim is only warranted where the [] verdict is so contrary to the evidence that it shocks one's sense of justice." **Commonwealth v. Tejada**, 107 A.3d 788, 795-796 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (internal alteration and citation omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence." **Commonwealth v. Ferguson**, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted). Instead, we will reverse the trial court's ruling on a weight of the evidence claim after a bench trial only if "the court's determination was manifestly erroneous, arbitrary and capricious[,] or flagrantly contrary to the evidence." **J.J. DeLuca Co., Inc. v. Toll Naval Assocs.**, 56 A.3d 402, 410 (Pa. Super. 2012) (internal quotation marks and citation omitted).

At trial, Danko testified that Appellant was one of the three intruders. N.T., 5/15/15, at 56. She testified that Appellant beat Byers and the Packronis and threated to kill them. **Id.** at 57-58. Danko also testified that Appellant had a lisp. Byers testified at trial that one of the three intruders had a lisp. **Id.** at 81. Finally, Appellant confessed to being one of the three intruders. Commonwealth's Exhibit 3. Based upon this review of the evidence, we conclude that the trial court's finding that the verdict did not shock its sense of justice was not "manifestly erroneous, arbitrary and capricious[,] or flagrantly contrary to the evidence." **J.J. DeLuca**, 56 A.3d

at 410. As such, Appellant is not entitled to relief on his weight of the evidence claim.

In his final issue, Appellant argues that his sentence is excessive. This issue challenges the discretionary aspects of Appellant's sentence. *See Commonwealth v. Haynes*, 125 A.3d 800, 806 (Pa. Super. 2015). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> [w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted). Appellant filed a timely notice of appeal and preserved the issue in his post-sentence motion. Appellant did not include a Rule 2119(f) statement in his brief; however, the Commonwealth failed to object to that omission. Therefore, we may proceed to whether Appellant has raised a substantial question. *See Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015).

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa. Super. 2014), *appeal denied*, 116 A.3d 604 (Pa. 2015) (citation omitted).

"[A] bald claim of excessiveness does not present a substantial question for review[.]" *Haynes*, 125 A.3d at 807-808. As Appellant's only argument as to why this case presents a substantial question is that the sentence "is manifestly excessive so as to inflict too severe a punishment," Appellant's Brief at 21, he fails to raise a substantial question and we do not reach the merits of his discretionary aspects claim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016