Peter Allen Treadway,          :
           Appellant      :
                          :
       v.                     :
                          :    No. 72 C.D. 2019
Director of DOC, Chester County, PA   :    Submitted: July 26, 2019


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                               FILED: August 20, 2019


Peter Allen Treadway (Appellant) appeals, *pro se*, the May 1, 2018 order of the Court of Common Pleas of Greene County (trial court) sustaining the Director of Department of Corrections, Chester County, PA's (Director) preliminary objection in the nature of a demurrer and dismissing Appellant's complaint in its entirety. On review, we affirm.

On July 13, 2011, Appellant was convicted in the Court of Common Pleas of Chester County (sentencing court) of 45 counts of various sex crimes, and received an aggregate sentence of 100 to 200 years of incarceration. Appellant challenged his judgment of sentence on direct appeal to the Superior Court of Pennsylvania, which vacated his judgment of sentence based on the improper application of a non-applicable provision of the Sentencing Code[1] and remanded the matter to the sentencing court for re-sentencing. *See Commonwealth v. Treadway*, 64 A.3d 278 (Pa. Super. 2013) (unpublished memorandum). After the sentencing court re-sentenced Appellant to an aggregate sentence of 100 to 200 years of

---

[1] 42 Pa.C.S. §§ 9701-9799.75.

incarceration, Appellant again appealed to the Superior Court, which affirmed Appellant's judgment of sentence. *See Commonwealth v. Treadway*, 104 A.3d 597 (Pa. Super. 2014).

On August 8, 2017, Appellant filed a complaint in the trial court[2] seeking the vacation of his judgment of sentence and requesting his immediate release from prison based on a claim that his "sentencing paperwork" – his judgment of sentence – did not comply with state law and/or certain Pennsylvania Department of Corrections (DOC) requirements. On December 21, 2017, Director filed preliminary objections based on improper venue and in the nature of a demurrer because the judgment of sentence did in fact exist and was compliant with all applicable state laws and DOC requirements. On February 8, 2018, Appellant filed preliminary objections to Director's preliminary objections, to which Director responded on March 15, 2018.

On April 30, 2018, the trial court held argument on both Director's and Appellant's preliminary objections. Thereafter, by order dated May 1, 2018, the trial court sustained Director's demurrer and dismissed Appellant's complaint in its entirety. Appellant appealed.[3]

On appeal,[4] we note that Appellant's brief does not comply with the requirements of Pennsylvania's Rules of Appellate Procedure regarding briefing

---

[2] Appellant is a resident of State Correctional Institution – Greene. He filed his complaint with the Greene County Court of Common Pleas out of concern regarding the partiality of the Chester County Court of Common Pleas, his sentencing court.

[3] Appellant originally appealed the trial court's May 1, 2018 order to the Superior Court, which transferred the matter to this Court by order dated November 29, 2018.

[4] Where a trial court dismisses a complaint as a result of preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of

requirements and structure. *See* Pa.R.A.P. 2111 & 2116-2119. Additionally, try as we might, this Court has been completely unable to discern any cogent legal arguments from Appellant's brief. *See generally* Appellant's Brief. The role of this Court is not to act as counsel for parties. *Commonwealth v. Le*, 208 A.3d 960, 976 n.17 (Pa. 2019) ("It is not [an appellate] Court's function to act as an advocate for the parties."); *see also Commonwealth v. Spotz*, 18 A.3d 244, 262 n.9 (Pa. 2011) (noting that appellate courts need not address an issue where it is impossible to discern exactly what error a party alleges). We decline to speculate as to the substance of any of Appellant's specific issues or arguments purportedly raised and cannot decipher the same. Therefore, because Appellant's brief does not allow for meaningful appellate review, Appellant has waived any arguments purportedly raised therein. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa.R.A.P. 2119(a).

Accordingly, we affirm the trial court's May 1, 2018 order.[5]

---

discretion. *Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018), *reargument denied* (Apr. 3, 2018).

[5] We acknowledge that Director speculates that Appellant's brief may have put forth an arguably discernable argument that Appellant should be released from prison because no statutory authority exists for the sentence imposed by the sentencing court. *See* Director's Brief at 8-9. As discussed *supra*, we could not discern such an argument in Appellant's brief, but we do note that the Superior Court has already affirmed Appellant's judgment of sentence in a previous appeal. *See Commonwealth v. Treadway*, 104 A.3d 597 (Pa. Super. 2014).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Allen Treadway,            :
            Appellant        :
                                   :
         v.                    :
                                   :    No. 72 C.D. 2019
Director of DOC, Chester County, PA    :

PER CURIAM

## O R D E R

AND NOW, this 20th day of August, 2019, the May 1, 2018 order of the Court of Common Pleas of Greene County is AFFIRMED.