J-S14030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELVIN ANTHONY HERNANDEZ, | |
| Appellant | No. 1901 EDA 2014 |

Appeal from the Judgment of Sentence of July 23, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000042-2013

BEFORE: DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.: **FILED APRIL 27, 2015**

Appellant, Melvin Anthony Hernandez, appeals from the judgment of sentence entered on July 23, 2013 as made final by the denial of his post-sentence motion on August 23, 2013. We affirm.

The trial court accurately summarized the factual background of this case as follows:

> The charges stemmed from a brutal attack that occurred at the Hamilton Tower apartment building in Allentown, Pennsylvania, on November 18, 2012. That night, [A]ppellant and an unidentified accomplice forcibly entered Apartment 315, savagely beat its 46-year-old occupant[,] and demanded that he give them everything he had. During the attack, [A]ppellant and the other robber tied the victim to a chair, attempted to slit his throat with a folding knife, stabbed him in the torso with a screwdriver, hit him with a miniature baseball bat[,] and repeatedly punched him in the face and head. After leaving the scene, [A]ppellant was arrested by police as he stepped from the apartment elevator. He was covered in blood and was holding the victim's x-box video system. Appellant had other property of

the victim in his pockets. When the police entered Apartment 315, they found the badly injured victim, blood, the implements used to restrain and assault the victim[,] and a bag left behind by the attackers filled with the victim's personal property. The victim was taken to the hospital where he was treated for a broken nose, orbit fractures, a cut to his neck, a large blunt force injury to his torso, and other abrasions and contusions. The victim had reconstructive surgery on the right eye. He had surgery planned for August 2013 on his left eye. As a result of the attack, the victim has short-term memory loss, severe headaches, significant vision problems[,] and depression for which he treats with a therapist.

Trial Court Opinion, 9/8/14, at 1-2.

The procedural history of this case is as follows. On January 25, 2013, Appellant was charged via criminal information with robbery,[1] burglary,[2] aggravated assault,[3] theft by unlawful taking,[4] receiving stolen property,[5] attempted unlawful restraint,[6] and conspiracy to commit robbery.[7] On June 5, 2013, Appellant entered an open guilty plea to aggravated assault and conspiracy to commit robbery.

On July 23, 2013, Appellant was sentenced to 10 to 20 years' imprisonment on the aggravated assault count and 7½ to 15 years'

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(i).

[2] 18 Pa.C.S.A. § 3502(a)(1).

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] 18 Pa.C.S.A. § 3921(a).

[5] 18 Pa.C.S.A. § 3925(a).

[6] 18 Pa.C.S.A. §§ 901, 2902.

[7] 18 Pa.C.S.A. §§ 903, 3701.

imprisonment on the conspiracy count. Those sentences were ordered to run consecutively. On July 29, 2013, Appellant filed a post-sentence motion. On August 23, 2013, the trial court denied Appellant's post-sentence motion. On March 25, 2014, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. Counsel was appointed and ultimately, on June 27, 2014, the PCRA court granted the PCRA petition in part and reinstated Appellant's direct appellate rights *nunc pro tunc*. This appeal followed.[8]

Appellant presents two issues for our review:

1. Whether there is a substantial question for which this Honorable Court should grant allowance of appeal from discretionary aspects of sentencing?

2. Whether the trial court erred in sentencing [Appellant] to a harsh and excessive sentence when the sentence imposed far exceeded the sentencing [guidelines] and failed to consider mitigating factors and the sentencing recommendation contained within the pre-sentence investigation report?

Appellant's Brief at 4 (complete capitalization omitted).

Appellant argues that his sentence is excessive. This issue challenges the discretionary aspects of Appellant's sentence. *See Commonwealth v. Ali*, 2015 WL 926952, *21 n.4 (Pa. Super. Mar. 5, 2015). "[A] trial court has broad discretion in sentencing a defendant, and concomitantly, the

---

[8] On July 7, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On July 23, 2014, Appellant filed his concise statement. On September 8, 2014, the trial court issued its Rule 1925(a) opinion. Appellant's concise statement preserved the substance of the claims he now raises on appeal.

appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." **Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014) (citation omitted).

Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.** As Appellant was sentenced outside of the sentencing guidelines, this Court may only overturn his sentence if it is unreasonable. 42 Pa.C.S.A. § 9781(c)(3).

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Trinidad**, 96 A.3d 1031, 1039 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (internal alteration and citation omitted). Appellant filed a timely notice of appeal and properly preserved his present claims for our review in his post-sentence motion. Appellant's brief also contains a statement pursuant to Pennsylvania Rule of Appellate

Procedure 2119(f). We now turn to whether the appeal presents a substantial question.

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa. Super. 2014) (citation omitted).

Appellant's Rule 2119(f) statement argues that this appeal presents a substantial question for two reasons. First, he argues that the sentence was excessive as it was outside of the sentencing guidelines range. Second, he argues that the trial court failed to consider certain mitigating circumstances. This Court recently held that an "excessive sentence claim in conjunction with an assertion that the court did not consider mitigating factors" raises a substantial question. *Commonwealth v. Gonzalez*, 2015 WL 252446, *15 (Pa. Super. Jan. 21, 2015) (internal alteration and citation omitted). Accordingly, Appellant has raised a substantial question and we proceed to consider the merits of his discretionary aspects claim.

When sentencing a defendant, the trial court is required to consider the sentencing guidelines. *See Commonwealth v. Tobin*, 89 A.3d 663,

669 n.4 (Pa. Super. 2014) (citation omitted). In this case, the standard range for both convictions was 60 to 78 months and the aggravated range was 90 months. These guidelines, however, are merely advisory and the trial court is free to sentence outside of the guidelines as long as it adequately explains its rationale. *See Commonwealth v. Mattison*, 82 A.3d 386, 402 (Pa. 2013). Additionally,

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

In this case, the trial court carefully examined all of the relevant sentencing factors. It stated on the record that it reviewed the pre-sentence investigation report, including the sentencing recommendation, and placed on the record the applicable sentencing guidelines. N.T., 7/23/13, at 2-3. *See Commonwealth v. Raven*, 97 A.3d 1244, 1254 n.12 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citation omitted) ("when a sentencing court has the benefit of a pre-sentence report, we must presume that the sentencing judge was aware of, and duly considered, any character-related information contained therein"). The trial court considered the gravity of the offense as it related to the victim. Specifically, the victim submitted an impact statement in which he stated that the day of the incident is when his life fell apart. *Id.* at 3. The victim continued,

> You took away from me peace of mind.  You tried to take my life.  You tried to make my kids orphaned. . . . [B]ecause of your decisions I have short-term memory loss. . . . I suffer from Post-Traumatic Stress Disorder.  I've lost 45% of my sight in my right eye, and I've had to have surgery to fix my left eye. . . . [Y]ou took things from me that you could never give back. I would never wish this on my worst enemy.

*Id.* at 4.  The victim also stated "I don't trust anybody.  I'm constantly looking over my shoulder."  *Id.* at 10.  Thus, the trial court concluded that the impact on the victim was momentous.  The trial court properly gave significant weight to this factor.

Next, the trial court considered the need to protect the community.  Specifically, the trial court noted that Appellant was only on parole for one week prior to the instant offense.  N.T., 7/23/13, at 23.  The trial court also outlined Appellant's prior admitted offenses and how he violated several prison policies, *inter alia*, getting into a major prison altercation.  *Id.* at 23-26.  Again, the trial court properly gave significant weight to this factor.  The trial court also considered the rehabilitative needs of Appellant, noting that he had no prior employment history and had a history of suicidal thoughts.  *Id.* at 24-25.  Accordingly, the trial court considered all of the section 9721(b) factors.

Appellant contends the trial court did not adequately consider the sentencing guidelines.  The trial court, however, not only placed the guidelines on the record, N.T., 7/23/13, at 2, but it also explicitly stated it was sentencing Appellant above the guidelines at one count and in the

aggravated range at the other count. *Id.* at 23. The trial court, therefore, adequately considered the guidelines, and the probation office's recommendation, when fashioning its sentence.

Appellant also argues that the trial court failed to consider certain mitigating factors. He argues that the trial court failed to consider his young age (21 years old) at the time of the offense. Although Appellant was young, he was an adult and old enough to recognize the consequences that could result from his serious criminal offense. *Cf. Commonwealth v. Hoover*, 107 A.3d 723, 732 (Pa. 2014) (rejecting the argument that the young age of a defendant lessened the probative value of an offense). Next, Appellant argues that the trial court did not adequately consider his chaotic environment and lack of education. We disagree. The record establishes that the trial court heard this evidence and denied relief. Given the brutal nature of the offenses, the undisputed and life-altering impact on the victim, and the fact that Appellant committed the instant armed and violent crimes only one week after starting parole, we cannot say that the trial court's denial of relief under these circumstances constituted an abuse of discretion. In fact, the record shows that much of Appellant's chaotic environment was of his own creation. Appellant is an admitted drug user and drug seller, a member of a criminal gang, and a participant in a prison assault. Appellant contends the trial court did not consider his mental illness. The trial court, however, explicitly noted his mental health problems. N.T., 7/23/13, at 24.

Finally, Appellant argues that the trial court did not consider his apology. The record reflects, however, that the trial court found the apology to "ring hollow." *Id.* at 23. Thus, the trial court considered all of the mitigating and aggravating circumstances when pronouncing its sentence.

In sum, Appellant committed a brutal crime that will have a life-long impact on the victim and his family. There was ample evidence from which the trial court could infer that this criminal episode was far more brutal, and the impact on the victim far greater, than a typical aggravated assault and conspiracy to commit robbery case. The trial court therefore concluded that the sentencing guidelines were inappropriate and sentenced Appellant outside of the guidelines. We conclude that the trial court's determination was not an abuse of discretion and that the sentence outside of the guidelines was not unreasonable under the circumstances. Accordingly, Appellant's challenge to the discretionary aspects of his sentence is without merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015