J-S28005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRAVIS ASHLEY RAGER, | |
| Appellant | No. 1561 MDA 2014 |

Appeal from the Judgment of Sentence August 19, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001060-2013

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 12, 2015**

Travis Rager appeals from the judgment of sentence of five to ten years imprisonment that the trial court imposed after Appellant tendered an open guilty plea to one count of burglary.  Appellate counsel has filed a petition seeking to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant the petition to withdraw and affirm.

Appellant was charged with burglary of residence while a person was present, theft by unlawful taking, and driving while his driving privileges were suspended.  On the morning of October 24, 2013, Appellant entered

the home of Sharon Sue Myers located on 166½ West King Street Littlestown. Appellant knew the victim and was aware that she was not present at her home when he entered it. Ms. Myers arrived at her residence at approximately 11:15 a.m. and caught Appellant "removing money from her master bedroom closet." Incident Report, Littlestown Police Department, 10/24/13, at 2. She asked Appellant "what he was doing and how he could do this to her at which point he did leave the residence in a black sedan." *Id*.

Ms. Myers called the police, and Littlestown Police Officer Gary Gearhart responded to the call. While he was taking information from the victim, Appellant called her. Ms. Myers demanded that Appellant return the stolen items, and Appellant told her that he would comply with that demand. When Appellant returned to Ms. Myers' home, Officer Gearhart arrested him. Appellant had two necklaces that belonged to the victim in his car. After the administration and waiver of *Miranda* rights, Appellant admitted the following. He and Ms. Myers left her residence together that morning, and he was aware that she had a doctor's appointment. After leaving, Appellant immediately circled back to Ms. Myers' home, entered it, and went to her closet to take money since he was aware that she kept cash at that location. Appellant also admitted to taking the two necklaces found in his vehicle.

In exchange for the Commonwealth's agreement not to seek a mandatory minimum sentence applicable to repeat offenders, Appellant tendered an open guilty plea on March 31, 2014, to the burglary charge, which was graded as a first-degree felony. The transcript of that proceeding is not contained in the record so we have garnered the pertinent facts from the incident report.

The matter proceeded to sentencing on August 19, 2014. The court had the benefit of a presentence report, and the guidelines recommended a sentence of sixty to seventy-two months imprisonment. The victim spoke at the proceeding. She expressed feelings of anger and betrayal at Appellant's actions. She noted that she had welcomed him into her home for social gatherings and that he betrayed her trust and that of her family. Additionally, Ms. Myers reported that Appellant took other, unrecovered jewelry consisting of "my wedding and my engagement ring along with an emerald that was grandmother's, two things that were very important to me." N.T. Sentencing, 8/19/14, at 4.

The court ensured that there were no corrections to the presentence report, which revealed that Appellant had committed ten burglaries in 2004 and 2005. *Id*. at 5. Defense counsel informed the court about Appellant's mental health issues and presented a mental health witness to explain them in detail. Appellant exercised his right of allocution.

The court weighed Appellant's psychiatric problems when imposing its sentence, explaining that, absent those problems, it would have imposed the maximum sentence. It articulated: "The Court notes that the Defendant has significant mental health issues; however, balances those issues against the need for public safety and the safety of the Defendant. The Defendant has a significant prior criminal record and was provided an opportunity to address those issues[.]" *Id*. at 18. The court elected to sentence at the lowest end of the standard range, which was five to ten years imprisonment.

Appellant filed a motion for reconsideration of his sentence, and, upon its denial, this appeal. As noted, counsel has filed a petition to withdraw. Before we address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

Counsel has complied with the procedural requirements. In a withdrawal petition, counsel indicates that he reviewed the record and concluded that this appeal was frivolous. Attached to the petition is a letter to Appellant. Counsel forwarded a copy of the petition to withdraw and appellate brief to Appellant. Counsel informed Appellant in the letter that Appellant had the right to retain new counsel or to proceed to represent himself and raise any additional points that he deemed worthy of this Court's attention.

We now examine whether the brief comports with the Supreme Court's dictates in *Santiago*, *supra*, which provides that

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, *supra* at 1032 (quoting *Santiago, supra* at 361).

Counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case and establishes why Appellant's issue lacks legal merit. We now examine the merits of the issue raised and, after reviewing that contention, we will independently review the record in order to determine if counsel's assessment of the frivolity of the present appeal is

correct. **Cartrette**, **supra**. The issue raised is, "Did the sentencing court manifestly abuse its discretion when it sentenced Appellant to serve a 5-10 year SCI sentence as the result of a burglary conviction?" Appellant's brief at 4. Appellant's position is that the sentence should have been below the mitigated range in light of these facts: 1) he had a significant history of mental illness; 2) he was not taking his medication when he committed the crime; 3) he cooperated with police and returned the necklaces that he stole; and 4) he and the victim were friends. Appellant's contention relates to the discretionary aspects of his sentence.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa.Super. 2014) (citations omitted).

In this case, Appellant's brief contains the concise statement, but we are unable to discern the existence of a substantial question. Appellant does

not question that the trial court considered the mitigating factors presented to it. Indeed, the court expressed that those factors had induced it to reduce the sentence significantly in that it planned to impose the maximum sentence for a first-degree felony, *i.e.*, twenty years. 18 Pa.C.S. § 1103(1) (maximum sentence for first-degree felony is twenty years). Instead, the court imposed a sentence of one-half that amount. It is apparent that Appellant is merely asking this Court to re-weigh the sentencing factors. It is settled that a challenge to the "weight that the trial court gave to the various factors that it considered in sentencing" and a request that we re-weigh them in the manner requested by the defendant "does not raise a substantial question." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2014). Hence, we cannot accept this appeal from the discretionary aspects of Appellant's sentence.

As required by the case authority, we have conducted an independent review of the record and have concluded that there are no non-frivolous issues that can be raised in this appeal. Hence, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Petition of Sean A. Mott, Esquire, to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2015