J-A16001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM COATES, III, | |
| Appellant | No. 247 WDA 2015 |

Appeal from the Judgment of Sentence January 13, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0012614-2013

BEFORE:  SHOGAN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY SHOGAN, J.:             **FILED SEPTEMBER 28, 2016**

Appellant, William Coates, III, appeals the judgment of sentence entered on January 13, 2015, in the Allegheny County Court of Common Pleas.  We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> Briefly, the evidence presented at trial established that, beginning when she was 8 or 9 years old, [Appellant] (who was her mother's boyfriend), began touching the breasts and buttocks of [C.L.] on a daily basis. The touching progressed to [Appellant] showing her his penis, having her touch his penis and eventually to ejaculating in her hands. [C.L.] also testified that on one occasion, [Appellant] forced her to perform oral sex on him and once he climbed on top of her and attempted to have sex with her, but he stopped when she screamed for her mother.

---

* Retired Senior Judge assigned to the Superior Court.

Trial Court Opinion, 1/13/16, at 2.

[Appellant] was charged with Involuntary Deviate Sexual Intercourse,[1] Criminal Solicitation,[2] Criminal Attempt,[3] Unlawful Contact with a Minor,[4] Sexual Assault,[5] Endangering the Welfare of a Child,[6] Indecent Exposure,[7] Corruption of Minors,[8] Indecent Assault of a Person Under 13[9] and Indecent Assault.[10] Following a jury trial held before this Court, [Appellant] was convicted of the Unlawful Contact, Endangering the Welfare of a Child, Indecent Exposure, Corruption of Minors and both counts of Indecent Assault. He appeared before this Court on January 13, 2015 and was found to be a Sexually Violent Predator. He was subsequently sentenced to consecutive terms of imprisonment of three and one half (3½) to seven (7) years at the Unlawful Contact charge, two and one half (2½) to five (5) years at the Endangering the Welfare of a Child[,] [(2½) to five (5) years at the] Indecent Exposure charge[,] and two (2) to four (4) years at the Indecent Assault of a Person Under 13 charge, for an aggregate term of imprisonment of 10½ to 21 years. This timely appeal followed.

[1] 18 Pa.C.S.A. §3123(a)(7)
[2] 18 Pa.C.S.A. §902(a) - 2 counts
[3] 18 Pa.C.S.A. §901(a)
[4] 18 Pa.C.S.A. §6318.1
[5] 18 Pa.C.S.A. §3124.1
[6] 18 Pa.C.S.A. §4304(a)
[7] 18 Pa.C.S.A. §3127(a)
[8] 18 Pa.C.S.A. §6301(a)(1)(i)
[9] 18 Pa.C.S.A. §3126(a)(7)
[10] 18 Pa.C.S.A. §3126(a)(5)

Trial Court Opinion, 1/13/16, at 1-2.

In his brief, Appellant presents the following issues:

I. WAS THE SENTENCE IMPOSED MANIFESTLY EXCESSIVE AND AN ABUSE OF THE SENTENCING COURT'S DISCRETION IN THAT:

☐ Three of the four sentences received were for the maximum penalty, and all were ordered to be served consecutively;

□ Three sentences were above the aggravated range in the sentencing guidelines, the remaining sentence was in the aggravated range, yet the only recognition by the sentencing court of these facts was a single throw away comment that the aggregate sentence was "way outside" of the guidelines; and

□ The court focused almost exclusively on the gravity of the offense and the impact on the victim, and ignored any reference to the defendant's rehabilitative needs?

II. WAS THE GUILTY VERDICT AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED IN THAT THE JURY'S SPLIT VERDICT INDICATED THAT IT FOUND THE COMPLAINANT TO BE INCREDIBLE; AS THE COMPLAINANT'S TESTIMONY WAS THE ONLY EVIDENCE PRESENTED AGAINST MR. COATES, SHOULD THE GUILTY VERDICT HAVE SHOCKED THE CONSCIENCE OF THE COURT SUCH THAT A NEW TRIAL IS REQUIRED?

Appellant's Brief at 7.

In his first issue, Appellant presents a challenge to the discretionary aspects of his sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

[W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

While Appellant filed a timely appeal and included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, we are constrained to agree with the Commonwealth's argument that Appellant failed to preserve his challenge in a timely-filed post sentence motion. Commonwealth's Brief at 12. The record reveals that Appellant was sentenced on January 13, 2015. Counsel filed a motion to withdraw on January 20, 2015. This motion reiterated his original request to withdraw, which was memorialized in the notes of testimony. N.T., 1/13/15, at 30, 33. The notes of testimony from the sentencing hearing also reflect that the trial court stated it would appoint counsel. *Id*. Accordingly, following the January 13, 2015 sentencing hearing, the trial court appointed the office of the Public Defender to represent Appellant in an order dated January 15, 2015. The order appointing the Public Defender however, was not entered on the docket until January 20, 2015, and the order granting the motion to withdraw was not filed until January 26, 2015.

On January 28, 2015, five days beyond the ten-day period in which post-sentence motions may be filed pursuant to Pa.R.Crim.P. 720, Appellant, *pro se*, filed a motion to reconsider his sentence and a motion for a new trial challenging the weight of the evidence. These motions are undated, and

therefore, a prisoner mailbox rule[1] analysis is impossible as there are no dates, pay slips, or even an envelope from which we can determine when these motions were placed in the hands of prison officials.

The Public Defender now argues on appeal that it did not receive the appointment order until a week after the order was filed. Appellant's Brief at 9. Even if we accept the Public Defender's representation that it was unaware of the appointment, the record reflects that Appellant was represented by counsel at all times, and there is no basis upon which the untimely nature of the post-sentence motions can be excused. Nevertheless, Appellant avers that the *pro se* motions should not be deemed hybrid representation,[2] as this case is akin to **Commonwealth v. Leatherby**, 116 A.3d 73 (Pa. Super. 2015). Appellant's Brief at 9, n.2. We disagree.

In **Leatherby**, the appellant was abandoned by counsel, and the trial court did not appoint new counsel until after the time to file post sentence motions had expired. Thus, this Court allowed the trial court to consider the

_____

[1] The prisoner mailbox rule provides that, in the interest of fairness, a *pro se* prisoner's document will be considered filed on the date it is delivered to prison authorities for mailing. **Commonwealth v. Leggett**, 16 A.3d 1144, 1146 n.7 (Pa. Super. 2011) (citation omitted).

[2] Hybrid representation is not permitted. **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993).

appellant's **timely** *pro se* motions without deeming them hybrid because the appellant had no counsel during the post-sentence motion period.

Here, however, the trial court appointed counsel before the time in which to file post-sentence motions expired. Thus, as noted, Appellant had counsel throughout the proceedings. The Public Defender, however, did not file post-sentence motions, and Appellant filed them *pro se*. Even if we excused the hybrid nature of the motions pursuant to **Leatherby**, the motions were **untimely**, and we discern no mechanism by which this tardiness may be exempted. The five-day delay between the date the post-sentence motions were due, January 23, 2015, and the date the motions were filed, January 28, 2015, cannot be excused based on the record before us. Moreover, because there is nothing upon which this Court can conduct a mailbox-rule analysis, we conclude Appellant's challenge to the discretionary aspects of his sentence is waived for failing to preserve it in a timely-filed post-sentence motion. **Moury**, 992 A.2d at 170.

For these same reasons, we conclude that Appellant's challenge to the weight of the evidence is waived. The Pennsylvania Rules of Criminal Procedure require that a "claim that the verdict is against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607. A challenge to the weight of the evidence "must be

presented to the trial court while it exercises jurisdiction over the matter because appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Burkett***, 830 A.2d 1034, 1037 (Pa. Super. 2003) (internal quotation marks and citation omitted). Appellant failed to preserve his challenge to the weight of the evidence claim orally or in writing prior to sentencing, and as discussed above, his post-sentence motion was untimely. As such, Appellant failed to properly present his post-sentence motions resulting in waiver of his challenge to the weight of the evidence. ***Id***.

For the reasons discussed above, Appellant failed to properly preserve either of his issues on appeal. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Olson Concurs in the Result.

Judge Strassburger files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016

- 7 -