J-S82025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK LEROY RUGG | : | |
| | : | |
| Appellant | : | No. 535 WDA 2017 |

Appeal from the Judgment of Sentence January 6, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001342-2010

BEFORE: BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:        **FILED JANUARY 11, 2018**

This is an appeal from the judgment of sentence entered in the Court

of Common Pleas of Cambria County following Appellant Patrick Leroy Rugg's

conviction by a jury on the following charges: Counts 1-4-involuntary

deviate sexual intercourse with a child under the age of 13 ("IDSI"), Count

5-trafficking of persons, Count 6-indecent assault, Count 7-endangering the

welfare of a child, and Count 8-corruption of minors.[1] This case returns to

us after a panel of this Court vacated Appellant's initial sentence and

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3002(a), 3126(a)(7), and 4304(a)(1),
respectively. Concerning Appellant's conviction for trafficking of persons in
June 2012, effective September 2, 2014, the former Chapter of the Crimes
Code regarding this offense was repealed and replaced with a new Chapter.
***See id.*** § 3001 *et seq.*; ***see also id.*** § 3011(b) (codifying the new offense of
trafficking in minors).

---

\*   Former Justice specially assigned to the Superior Court.
\*\* Retired Senior Judge assigned to the Superior Court.

remanded for resentencing.[2]  The trial court resentenced Appellant on January 6, 2017.

In the instant appeal, Appellant presents solely a challenge to the discretionary aspects of his sentence.  After a careful review, we find no merit to this claim.  However, upon the Commonwealth's urging,[3] we determine that the portion of the trial court's sentencing order that deems Appellant to be a Sexually Violent Predator ("SVP") under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, is illegal.  Therefore, while we affirm Appellant's judgment of sentence, we vacate the SVP order and remand for further limited action.

The relevant facts and procedural history underlying this appeal have been aptly set forth, in part, by the trial court as follows:

> On June 20, 2012, the Commonwealth charged [Appellant with the aforementioned crimes].  The trial court conducted a jury trial on June 25[,] June 26[,] and June 27, 2012.  The Commonwealth presented testimony from numerous witnesses, including an eyewitness and the minor victim, Z.B.   N.T.,

---

[2] As more fully discussed *infra*, this Court found the trial court's initial imposition of a mandatory minimum sentence under 42 Pa.C.S.A. § 9718(a)(1) to be illegal.

[3] Curiously, the Commonwealth, as opposed to Appellant, raised the SORNA issue, indicating that this Court "should vacate Appellant's Sexually Violent Predator designation."  Commonwealth's Brief at 14.  As this issue relates to the legality of a defendant's sentence, even absent the Commonwealth's suggestion, this Court may address the issue *sua sponte*.  ***Commonwealth v. Butler***, 2017 WL 4914155 (Pa.Super. filed 10/31/17).

6/25/12, pp. 43-75 (testimony of the eyewitness);[4] pp. 85-121 (testimony of Z.B.).[5]  The jury unanimously found [Appellant] guilty of the eight counts charged.  *See* N.T., 6/27/12, at 231-34.

On February 26, 2013, the trial court conducted a [h]earing to determine if [Appellant] met the definition of a [SVP].  By order dated June 21, 2013, the trial court determined that[, pursuant to Section 9799.24(e)(3), the Commonwealth proved by clear and convincing evidence that] Appellant is a [SVP]. [On July 30, 2013, the trial court issued notice that, having been convicted of IDSI and indecent assault, and found to be a SVP, Appellant was subject to a lifetime registration requirement.  Further, on] July 30, 2013, the trial court sentenced [Appellant] as follows:

a. [IDSI] (Counts 1-4): Consecutive sentences of 10 years (mandatory minimum) to 20 years imprisonment on each count;

b. Trafficking of Persons (Count 5): 24 to 48 months imprisonment, concurrent to Count One;

c. Indecent assault (Count 6): 12 to 24 months imprisonment, concurrent to Count One;

d. Endangering the Welfare of a Child (Count 7): 12 to 24 months imprisonment, concurrent to Count One; and

---

[4] The eighty-year-old eyewitness lived next to Appellant, and he was able to see into Appellant's bedroom window.  N.T., 6/25/12, at 45.  He testified that, on June 10, 2010, as he turned on his air conditioner, he noticed a naked boy on the bed.  *Id.* at 49.  With the assistance of binoculars, he watched as Appellant fondled and sodomized the boy.  The next day, the eyewitness took photographs of Appellant and the boy for identification purposes, and he reported the incident to Children and Youth Services.  *Id.* at 50-53.

[5] The victim, Z.B., who was a pre-adolescent boy, testified that Appellant was his mother's best friend, and he used to call him "dad."  *Id.* at 90-91.  He testified that Appellant sodomized him on more than one occasion, fondled his private parts, and performed fellatio upon him.  *Id.* at 95-100.

e. Corruption of Minors (Count 8): six to 12 months imprisonment, concurrent to Count One.

On August 9, 2013, [Appellant] filed an Optional Post-Sentence Motion, which the trial court denied by Order dated December 27, 2013. On March 19, 2014, [Appellant] filed his first Notice of Appeal.

On February 19, 2015, [a panel of] the Superior Court [ ] affirmed [Appellant's] convictions, vacated the judgment of sentence, and remanded for resentencing.[6] *See Commonwealth v. Rugg*, No. 458 WDA 2014 (Pa.Super. filed 2/19/15) (unpublished memorandum). The Commonwealth and [Appellant] filed [C]ross-Petitions for Allowance of Appeal to the Pennsylvania Supreme Court on March 23, 2015. By Order dated August 25, 2015, the Supreme Court stayed the Commonwealth's Petition pending a disposition in *Commonwealth v. Wolfe*, [636 Pa. 37,] 140 A.3d 651 (2016). The Supreme Court denied [Appellant's] Petition for Allowance of Appeal on September 29, 2015, and the Commonwealth's Petition on August 26, 2016. The trial court received the record on September 15, 2016.

On January 6, 2017, [following a hearing,] the trial court resentenced [Appellant] as follows:

_____

[6] This Court found no merit to Appellant's claims that (1) the trial court erred in conducting a competency hearing in the presence of the jury; (2) the jury's verdicts were against the weight of the evidence; (3) the evidence was insufficient to sustain his conviction for trafficking of persons; and (4) the trial court erred in determining that Appellant is a sexually violent predator. However, we concluded that there was merit to Appellant's claim that the trial court imposed an illegal sentence when it sentenced Appellant to a mandatory minimum prison term of ten years under 42 Pa.C.S.A. § 9718(a)(1) on each of his four IDSI convictions. Specifically, we held the sentences for IDSI were illegal pursuant to *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa.Super. 2014)*,* which held that the IDSI statutory subsection under 9718(a)(1) was unconstitutional under *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013). Accordingly, we vacated Appellant's judgment of sentence and remanded for resentencing. In light of this later conclusion, we declined to address Appellant's discretionary aspects of sentencing claim (namely, whether the trial court abused its discretion in imposing consecutive sentences for Counts 1-4).

- 4 -

a. [IDSI] (Counts 1-4): Consecutive sentences of 10 years to 20 years imprisonment on each count;

b. Trafficking of Persons (Count 5): 24 to 48 months imprisonment, concurrent to Count One;

c. Indecent Assault (Count 6): 12 to 24 months imprisonment, concurrent to Count One;

d. Endangering the Welfare of a Child (Count 7): 12 to 24 months imprisonment, concurrent to Count One; and

e. Corruption of Minors (Count 8): six to 12 months imprisonment, concurrent to Count One.

On January 17, 2017, [Appellant] filed an Optional Post-Sentence Motion. The trial court entertained oral argument on February 17, 2017. The trial court denied [Appellant's] Motion by Order dated March 3, 2017. On March 31, 2017, [Appellant] filed his second Notice of Appeal to the Superior Court. On April 25, 2017, [Appellant] timely filed a Concise Statement pursuant to Pennsylvania Rules of Appellate Procedure 1925(b), setting forth one purported error.[7] [On May 26, 2017, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.]

Trial Court Opinion, filed 5/26/17, at 1-3 (citations to record omitted) (footnotes added) (footnote omitted).

On appeal, Appellant contends the trial court abused its discretion in imposing consecutive sentences for the four counts of IDSI (Counts 1-4). Although Appellant admits that each individual sentence of 10 to 20 years in prison for IDSI falls within the applicable standard range of the Sentencing Guidelines, he avers that, due to the consecutive nature of the individual sentences, his aggregate sentence of 40 to 80 years in prison for IDSI is not

---

[7] It was the same issue as is presented in Appellant's brief.

an individualized sentence but is an overly excessive *de facto* life sentence.[8]

He further argues that, in imposing consecutive sentences, the trial court ignored the dictates of 42 Pa.C.S.A. § 9721(b) by failing to impose a sentence that was consistent with the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, and Appellant's rehabilitative needs.

Appellant admits that he is challenging the discretionary aspects of his sentence.[9] A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136 (Pa.Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

---

[8] Appellant notes that, at the time of resentencing on January 6, 2017, he was thirty-nine years old. Appellant's Brief at 17.

[9] Relevantly, the trial court stated at the resentencing hearing the following: "I note specifically that this is not a mandatory minimum sentence in violation of recent appellate case law." N.T., 1/6/17, at 12.

Here, Appellant filed a timely notice of appeal, as well as a timely post-sentence motion in which he preserved his discretionary aspect of sentencing claim, and he included a separate Pa.R.A.P. 2119(f) statement in his brief. However, assuming, *arguendo*, Appellant presented a substantial question, thus permitting our review, for the reasons discussed *infra*, Appellant is not entitled to relief on his claim.

It is well-settled that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010) (citation omitted). In reviewing the sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. ***See*** 42 Pa.C.S.A. § 9781(d)(1)–(4).

- 7 -

A sentence may be found to be unreasonable if it fails to properly account for these four statutory factors, or if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing[.]" *Commonwealth v. Walls*, 592 Pa. 557, 569, 926 A.2d 957, 964 (2007). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

In the instant matter, the record demonstrates that the trial court had the benefit of a pre-sentence investigation report ("PSI"). N.T., 1/6/17, at 10. We have stated that:

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . .Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where,[ as here,] a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Moury*, 992 A.2d at 171 (quotation marks and quotations omitted).

In the case *sub judice*, the record from the resentencing hearing reveals that, in addition to the PSI, the trial court reviewed the revised sentencing guidelines. N.T., 1/6/17, at 5-7. Moreover, defense counsel informed the trial court of Appellant's progress during his time in prison,

noting that he "has been a model inmate[,]" obtained his GED, and completed Victim Awareness Classes.  N.T., 1/6/17, at 8.  Additionally, defense counsel reminded the trial court that Appellant has no prior record and requested the trial court consider Appellant's rehabilitative needs.  *Id.* at 9. The trial court gave Appellant the opportunity to make a statement, and Appellant indicated that he was enrolled in a sex offender program.  *Id.* at 9-10.

The Commonwealth informed the trial court that neither the victim (Z.B.) nor his mother were attending the resentencing hearing because they felt it would be too traumatizing.[10]  *Id.* at 10.  However, the Commonwealth informed the trial court that Z.B.'s mother spoke to the district attorney's office prior to the resentencing hearing, and the Commonwealth informed the trial court of the following:

> Their wishes remain the same [as before].  The longer [Appellant] can be incarcerated, the better off they will feel and [be] protected.  This is a man she entrusted with the care of her child and he betrayed all of them.  And the Court is fully aware of the heinous nature of the facts.  The Court is also aware that the guidelines encompass the sentence that has already been served and we ask that if nothing else that [ ] remains the same.

*Id.* at 10.

The trial court then imposed its sentence, indicating the following:

---

[10] The record reveals that Z.B. and his mother appeared near the conclusion of the proceedings, but there is no indication that they asked to speak.  N.T., 1/6/17, at 16.

[Appellant], in considering your resentence, I have taken into account your age, the information about yourself that you gave me previously that was included in a previous [PSI] that I considered at your original sentence in 2013, as well as testimony of the victim and the victim's family, both at the trial and at the prior sentencing hearing. I have taken into account evidence of the circumstances of the offense which were established by the verdicts of this Cambria County jury, the facts as to your personal background and the circumstances therefore are not in dispute. And I have also considered your rehabilitative needs in fashioning this resentence.

After considering these factors, I find that there is an undue risk that during any period of probation or partial confinement, you would likely commit another crime. I find that you are in need of correctional treatment that can be provided most effectively by your total confinement in a state correctional institution. I further find any lesser sentence would depreciate the seriousness of your crimes. Therefore, I will find a sentence of total confinement is proper.

As the Assistant District Attorney has correctly pointed out, in this case the guidelines for the standard minimum range of sentence for each of the four felony one counts of [IDSI] call for a standard minimum range of sentence of between 72 months and 240 months. In other words, a minimum sentence of between 6 and 20 years. A sentence of 10 years' incarceration for each offense is less than the midway point in terms of severity, but it is believed by this Court to represent an appropriate sentence based on all of the factors I have considered.

*Id.* at 10-12.

Additionally, in explaining the rationale for its sentence, the trial court relevantly indicated the following in its Pa.R.A.P. 1925(a) opinion:

In the case at bar, the trial court considered the heinous nature of the crimes, Z.B.'s age during the period of victimization, [Appellant's] lack of remorse, and [Appellant's] refusal to acknowledge his guilt. At [Appellant's] original sentencing, the trial court noted that rehabilitation was unlikely because [Appellant] did not acknowledge his affliction; did not

accept responsibility for his actions; and suffers from pedophilia, a lifelong condition. After a careful review of the original sentencing record and new information provided by [Appellant], the trial court found that total confinement is necessary because there is undue risk that, during probation or partial confinement, [Appellant] will commit another crime. The trial court also determined that [Appellant] is in need of correctional treatment that can be provided most effectively in a state correctional institution, and any lesser sentence would depreciate the seriousness of the crimes involved.

The victim, Z.B., and his mother did not speak at [Appellant's] resentencing out of fear that facing [Appellant] may re-traumatize Z.B. At [Appellant's] original sentencing, Z.B.'s mother testified as follows:

> Ever since the day we received a phone call from Ebensburg [Children & Youth Services], our lives have been turned upside down. [Z.B.] was only ten years old when [Appellant] took away his youth and forced [Z.B.] to deal with adult issues. Since then, [Z.B.] has been institutionalized three times in various psyche [*sic*] wards. He's also been placed in a youth home for boys for 28 days. [Z.B.] had several behavioral problems to the point of being placed in Children's Adolescent Partial Hospital for two years instead of regular school. [Z.B.] is finally back on track. He's back in regular school, he's doing well, but he still struggles with everyday activities and he still has trust issues [so] he has been placed in emotional learning support classes when he is in school. This has not only affected [Z.B.], it affected all of us and my family as well.

N.T., 7/30/13, at 12. The trial court carefully considered the factors set forth in Section 9721(b) of the Sentencing Code. Additionally, the trial court reviewed [Appellant's] [PSI] and the Sentencing Guideline forms prepared by the Cambria County Office of Adult Probation in preparation for [Appellant's] resentencing.

The trial court sentenced [Appellant] in accordance with the Pennsylvania Sentencing Guidelines. . . .[Appellant's] sentence is within the standard minimum range of sentencing. Additionally, the egregious nature of the crimes supports the

trial court's imposition of consecutive sentences on the four counts of [IDSI].

Trial Court Opinion, filed 5/26/17, at 4-6 (citations to record omitted).

We conclude the trial court did not abuse its discretion in resentencing Appellant and, more specifically, there is no merit to his claim that the trial court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b) or imposed a non-individualized sentence in imposing consecutive sentences for IDSI. Further, with regard to Appellant's contention that the imposition of consecutive sentences resulted in a *de facto* life sentence, as the trial court noted, "[i]n Pennsylvania, the sentencing court has discretion to determine whether sentences are concurrent or consecutive to other sentences." Trial Court Opinion, filed 5/26/17, at 6 (citation omitted).

An appellant is not entitled to a "volume" discount by having all of his sentences run concurrently. **Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa.Super. 1995). Here, Appellant's sentence was manifestly reasonable in light of the heinous sexual abuse at issue. **See Commonwealth v. Treadway**, 104 A.3d 597 (Pa.Super. 2014) (holding that aggregate sentence of 100 to 200 years for various sex crimes perpetrated by the defendant upon his stepdaughter was not manifestly excessive given the nature of the crime).

Although there is no merit to the sole issue raised by Appellant on appeal, for the reasons discussed *infra*, we have no choice but to vacate a

- 12 -

portion of Appellant's judgment of sentence: namely, that portion of the sentencing order deeming Appellant to be a SVP.

In **Commonwealth v. Muniz**, --- Pa. ---, 164 A.3d 1189 (2017), our Supreme Court held that the registration requirements under SORNA constitute criminal punishment, thus overturning prior decisions determining those registration requirements to be civil in nature. **Id.** On October 31, 2017, a panel of this Court held the following:

> [S]ince our Supreme Court has held [in **Muniz**] that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000),] and **Alleyne** [**v. United States**, 133 S.Ct. 2151, 2163 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in a predatory sexual violent offense[,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.
>
> ***
>
> [Thus], we are constrained to hold trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

**Commonwealth v. Butler**, 2017 WL 4914155, *5-6 (Pa.Super. filed 10/31/17).

In light of **Butler**, to which we are bound under the doctrine of *stare decisis*, we have no choice but to conclude that the portion of Appellant's sentencing order determining him to be an SVP is illegal. **See id.** Here, the trial court conducted a SVP hearing and designated Appellant to be an SVP without making that necessary factual finding beyond a reasonable doubt; therefore, we are compelled to vacate the trial court's June 21, 2013, SVP order, and pursuant to **Butler**, we remand this case to the trial court for the sole purpose of issuing the appropriate notice to Appellant under 42 Pa.C.S.A. § 9799.23 that he is required to register for life.[11]

SVP Order vacated and case remanded. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2018

---

[11] 42 Pa.C.S.A. § 9799.14(d)(4) provides that a conviction for IDSI is a Tier III offense for purposes of SORNA. A Tier III offender is required to register for life. 42 Pa.C.S.A. § 9799.15(a)(3).