J-A05013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                                 :
            v.                    :
                                 :
                               :
WILLIE GRAHAM                 :
                               :
          Appellant        :    No. 1362 EDA 2017

Appeal from the Judgment of Sentence February 22, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at No(s):
CP-39-CR-0002019-2016

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:               **FILED MAY 08, 2018**

Appellant, Willie Graham, appeals from the Judgment of Sentence entered in the Lehigh County Court of Common Pleas following his negotiated guilty plea to Possession with Intent to Deliver a Controlled Substance, Cocaine ("PWID") and to Persons Not to Possess a Firearm.[1] His counsel, Michael E. Brunnabend, Esquire ("Counsel"), of the Public Defender's Office, has filed an **Anders**[2] Brief and Petition for Leave to Withdraw. We grant Counsel's Petition and affirm Appellant's Judgment of Sentence.

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 6105(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

---

\*   Former Justice specially assigned to the Superior Court.

While Appellant was on supervision with the Lehigh County Probation Department for Aggravated Assault and PWID, Probation officers searched Appellant's house and recovered a stolen loaded .9mm Ruger handgun, a digital scale, and cocaine in his bedroom. During the search, the detectives found $1,240 in cash; 80 glassine baggies containing heroin; a knotted bag of loose heroin; plastic knotted bags containing cocaine; a small bag of marijuana; documents belonging to Appellant; four cell phones; and clothing and assorted items that appeared to be related to the Grape Street Crip gang.

On January 9, 2017, Appellant, a Grape Street Crip gang member, pled guilty to PWID with a sentence capped at the standard range with a gang enhancement. N.T. Guilty Plea Hr'g, 1/9/17, at 15. He agreed to an open guilty plea to Persons not to Possess a Firearms. There was no agreement as to whether the sentences would be concurrent or consecutive. *Id.* at 16. The Commonwealth withdrew five other counts.

On February 22, 2017, Appellant was sentenced to not less than 28 months' nor more than 5 years' imprisonment for PWID. N.T. Sentencing Hr'g, 2/22/17, at 23. On the gun charge, Appellant was sentenced to not less than 54 months' nor more than 10 years' imprisonment. *Id.* The court ordered the sentences to run consecutively. *Id.*

Appellant filed a Post-Sentence Motion, which the court denied on April 13, 2017. Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we can consider the issues raised, we must determine whether Counsel has complied with the mandated procedure for withdrawing as counsel. *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (adopting *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant did not file a response.

Our review indicates that Counsel complied with *Anders* and *Daniels*. We next "make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Commonwealth v. Orellana*, 86 A.3d 877, 882 n.7 (Pa. Super. 2014) (citation omitted).

Counsel identifies the following issues in the *Anders* Brief:

A. Whether the lower court abused its sentencing discretion by ordering the two sentences to run consecutive to each other when the sentencing recommendation from the probation department was for a concurrent sentence?

B. May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the *Anders* case?

*Anders* Brief at 7.

The first issue implicates the discretionary aspect of Appellant's sentence. *See Anders* Brief at 10. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right.

- 3 -

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008). Prior to reviewing such a claim on its merits:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citations omitted). *See also* Pa.R.A.P. 2119(f).

Instantly, Appellant timely filed his appeal, preserved the issue of an excessive sentence in his Post-Sentence Motion, and included a statement in his Brief that conforms with Pa.R.A.P. 2119(f). *See Anders* Brief at 10. Accordingly, we ascertain whether Appellant has raised a substantial question. *See Phillips*, 946 A.2d at 112.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation and quotation marks omitted). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted).

Appellant avers the court imposed a manifestly excessive sentence based upon the fact that the sentences were consecutive to each other

without any reason. **_Anders_** Brief at 10. While noting that the individual minimum sentences were in the standard range, Appellant baldly asserts "the [c]ourt failed to fully and adequately give any meaningful consideration to any of the relevant factors as is set forth in the Sentencing Code[.]" **_Id._**

In **_Commonwealth v. Trippett_**, 932 A.2d 188, 202 (Pa. Super. 2007), as in the instant case, the appellant contended that his sentence was excessive, but failed to "set forth the specific provision of the Sentencing Code or the fundamental norm underlying the sentencing process that the trial court violated in imposing the sentence." This Court found the appellant failed to raise a substantial question that his sentence was excessive. **_Id._**

"The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **_Commonwealth v. Moury_**, 992 A.2d 162, 171-72 (Pa. Super. 2010)

In this case, Appellant's challenge to the court's imposition of a consecutive sentence is based upon a bald assertion that the court failed to consider any relevant factors set forth in the Sentencing Code. Thus, Appellant does not raise a substantial question. Accordingly, this issue warrants no relief.

Additionally, we have completed an independent examination of the record and discern no non-frivolous issues that Appellant's counsel failed to

raise on appeal. Accordingly, we affirm Appellant's Judgment of Sentence, and grant Counsel's Petition to Withdraw.

Petition to Withdraw Granted. Judgment of Sentence Affirmed.

Judge Murray joins the memorandum.

President Judge Emeritus Stevens concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/18