J-S47004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD JOSEPH WILSON, III | |
| Appellant | No. 531 MDA 2020 |

Appeal from the Judgment of Sentence entered March 4, 2020
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0000883-2019

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 10, 2021**

Appellant, Ronald Joseph Wilson, III, appeals from the judgment of sentence the Court of Common Pleas of Schuylkill County imposed on March 4, 2020.  Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the factual and procedural background of the instant appeal as follows:

> [Appellant] entered a general plea of guilty to possession of a controlled substance, possession of a small amount marijuana, and possession of drug paraphernalia.  A presentence investigation was ordered, and on March 4, 2020, he was sentenced to [a term of imprisonment of] 9 to 18 months for possession of heroin, a concurrent 15-30 days for possession of a small amount of marijuana, and a consecutive 3-6 months for possession of drug paraphernalia, which made the total sentence

---

[*] Retired Senior Judge assigned to the Superior Court.

12 to 24 months. The sentencing order directed that his time be served in a state correctional facility.

On March 11, 2020, defense counsel filed a post-sentence motion correctly pointing out that the Department of Corrections will not accept a defendant if there is not at least a second degree misdemeanor included in the sentence. Counsel requested that the sentence be modified to a sentence of 3 to 23 months in the county prison.

A hearing was held on that motion on March 20, 2020, after which the place of confinement was changed to the Schuylkill County Prison, but the term of confinement was not changed.

Counsel filed a notice of appeal on March 23, 2020, and in the [Pa.R.A.P. 1925(b)] statement argues only that the sentence was excessive.

Trial Court Opinion, 4/14/20, at 1-2 (unnecessary capitalization and footnotes omitted).

On appeal, Appellant argues the trial court abused its discretion in imposing an "excessive" or "unduly harsh" aggregate sentence.[1] We disagree.

Initially, we note that Appellant is challenging the discretionary aspects of his sentence. *See*, *e.g.*, *Commonwealth v. Treadway*, 104 A.3d 597,

---

[1] On appeal, Appellant seems to challenge the imposition of consecutive sentences as the basis of his excessive sentence claim. In his Rule 1925(b) statement, however, Appellant generally challenges the length of the sentence, which, in Appellant's view, was excessive, "given the facts and [Appellant]'s admission." Concise Statement of Matters Complained of on Appeal, 3/31/20, at 1.

We also note that Appellant did not include, *inter alia*, a Pa.R.A.P. 2119(f) statement. Nonetheless, we will entertain the merits of Appellant's clam because the Commonwealth did not challenge the inadequacy of Appellant's brief. In fact, the Commonwealth did not even file a brief in this appeal.

599 (Pa. Super. 2014) (claim that sentence was excessively harsh constitutes challenge to its discretionary aspects).

Our review of discretionary aspects of sentencing claims implicates the following principles:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.  In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (internal quotation marks and citations omitted).

When imposing sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.  **Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015).  "Where, as here, the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along

with any mitigating factors." ***Commonwealth v. Johnson***, 125 A.3d 822, 827 (Pa. Super. 2015) (citation omitted). Further, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010);[2] ***see also*** 42 Pa.C.S.A. § 9781(c)(2) (sentence within guidelines should be vacated only if "the case involves circumstances where the application of the guidelines would be clearly unreasonable").

There is no automatic right to appeal the discretionary aspects of sentencing. ***Commonwealth v. Cook***, 941 A.2d 7 (Pa. Super. 2007). Indeed, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Moury***, 992 A.2d at 169-70. For purposes of our review, we accept that Appellant has met all requirements of this test, and we address the merits of Appellant's claim.

---

[2] Appellant acknowledged that he "was sentenced within the standard sentencing guidelines." Appellant's Brief at 11.

The trial court explained the reasons for the sentence imposed as follows:

> The presentence investigation report showed two prior drug convictions. [Appellant], in May 2014, was admitted to the ARD program for charges identical to the instant case. In March 2015, he was charged with possession with intent to deliver, which led to the revocation of his prior ARD in April 2015. He was given a probation sentence on the [possession with intent to deliver] in October 2015. That probation had to be revoked in October 2017.
>
> In between these two drug offenses, he was convicted of a theft charge. In the preparation of the presentence report, [Appellant] admitted to having a heroin addiction and using opiates daily, although he claimed abstinence since May of 2019. The date of the offense in this case was January 25, 2019. He has never been in a rehab facility, but he claimed at sentencing to be in counseling, something he did not tell the probation officer when the presentence report was prepared. Further, at sentencing, he had pending charges in Berks County for delivery of a controlled substance with an April 2019 complaint date.
>
> There was no reason to believe that [Appellant] went from using opiates on a daily basis to a total abstinence in one month. Initially, I was thinking that he would be a good candidate for the State's drug treatment program, but I overlooked the prohibition against serving time in a state prison on an ungraded misdemeanor.
>
> Since he would be serving his sentence in the county prison, he could be paroled earlier than the minimum sentence imposed. In Schuylkill County, the extent of his drug problem would be evaluated. In cases such as [Appellant]'s, when inpatient treatment is recommended after evaluation, early parole to an inpatient rehab is often utilized, with full parole being granted upon successful completion of treatment. In the unlikely event that the evaluation would recommend only outpatient treatment, our county has other programs for early parole and good behavior.
>
> Unfortunately, I did not believe [Appellant] overcame his addiction on his own. He was revoked on supervision before. The sentence imposed will give him the opportunity and incentive to address his

drug problem or stay in prison where he can neither sell [nor] use illegal drugs.

Trial Court Opinion, 4/14/29, at 2-3.

Based on this reasoning, we conclude that the trial court acted within its discretion in fashioning Appellant's sentence.[3]

Judgment of sentence affirmed.

_____

[3] Assuming that Appellant did not waive his challenge to the imposition of consecutive sentences for failing to raise the claim below, "long standing precedent . . . recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005); **see also** 42 Pa.C.S.A. § 9721. We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." **Commonwealth v. Gonzalez–Dejusus**, 994 A.2d 595, 599 (Pa. Super. 2010). Here, the record is devoid (and Appellant does not argue otherwise) of any indication that Appellant's sentence is grossly disparate to his conduct; nor does it viscerally appear to be patently unreasonable.

Appellant also seems to argue that the sentencing court's initial imposition of a state sentence shows that the length of his sentence is excessive. As noted above, the sentencing court originally sentenced him to a state facility as opposed to a county facility even though Appellant was only found guilty of ungraded misdemeanors. Appellant fails to acknowledge that the sentencing court convened a hearing on Appellant's post-sentence motion, accepted his objection to a state sentence, and amended his sentence to a county sentence. We see no reason to infer from these facts that the length of Appellant's sentence is excessive.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2021